W. L. KISSAM et al., Relators,

v.

Billy WILLIAMSON, County Judge, Respondent.

No. 1032.

Court of Civil Appeals of Texas, Tyler.

Dec. 16, 1976.

J. Byron Saunders, Saunders, Caldwell & Schmidt, Tyler, for relators.

Mary Endres, Asst. Dist. Atty., Tyler, for respondent.

## PER CURIAM.

This is an original proceeding for mandamus. Relators, W. L. Kissam, on behalf of himself individually and others similarly situated, moved for and was granted leave to file a petition seeking a writ of mandamus commanding Honorable Billy Williamson, County Judge of Smith County, Respondent, to rule on Relators' petition to call an election to incorporate a town to be known as "Jackson Heights" in Smith County, Texas.

By verified pleadings, Relators alleged that on September 12, 1975, they filed a petition with the County Clerk of Smith County requesting the County Judge to call an election to incorporate the area known as "Jackson Heights" under the authority conferred on the County Judge by Tex.Rev. Civ.Stat.Ann. arts. 1133–1136 (1925). They alleged that the said petition was duly signed by 78 residents and qualified voters of the area sought to be incorporated and was accompanied by a list containing the names of more than 200 persons residing in the area, as well as a legal description of the area and a plat showing the area to be incorporated in compliance with the statutes. In response to the petition the County Judge of Smith County held a hearing on November 12, 1975, at which time relators presented evidence in support of the petition. At the conclusion of the hearing, the County Judge announced that he would take the matter under advisement. Relators allege that shortly thereafter the County Judge summoned counsel for Relators and opposing counsel to his office and announced to them that he would neither call nor refuse to call the election, but that he would keep the matter under advisement for a "long time."

In response to Relators' petition for mandamus, Respondent alleged that under Articles 1133–36, supra, he was authorized to make a prerequisite determination, independent of the proof submitted, as to whether or not there were the required number of inhabitants residing in the proposed area to be incorporated. He alleged that he had exercised his discretion in determining that the number in the area was below the 200 inhabitants required by the statute. No contention is made that the petition or the proof submitted by Relators did not comply with the statutory requirement, and nowhere in his answer does Respondent challenge Relators' allegation that no order has been entered either granting or denying the petition for incorporation. The unchallenged averments are accepted as true. *Hidalgo County Water Improvement Dist. No. 2 v. Blalock*, 157 Tex. 206, 301 S.W.2d 593, 596 (1957); *DeLeon v. Periman*, 530 S.W.2d 174, 175 (Tex.Civ.App.—Amarillo 1975, no writ).

By statute the legislature has selected and delegated to the County Judge the authority to set in motion the election procedure to incorporate a town or city or to deny it. Tex.Rev.Civ.Stat.Ann. arts. 1133, 1134 & 1136 (1925). The narrow question presented, therefore, is whether a writ of mandamus will issue to a County Judge to compel the performance of a purely ministerial act of ruling one way or another on Relators' request for an order calling an election to incorporate.

In proceedings of this character, a Court of Civil Appeals has jurisdiction to compel the judges of the County Courts "to proceed to trial and judgment in a cause," and in a proper case may direct the character of judgment to be entered. Tex.Rev. Civ.Stat.Ann. art. 1824; *Southland-Greyhound Lines, Inc. v. Richardson*, 126 Tex. 118, 86 S.W.2d 731, 733–34 (1935); *Gulf, C. & S. F. Ry. Co. v. Canty*, 115 Tex. 537, 285 S.W. 296, 299 (1926); *American Nat'l Ins. Co. v. Sutton*, 130 S.W.2d 441, 443 (Tex.Civ. App.—El Paso 1939, no writ). While the authorization does not sanction the use of the writ to compel an order or judgment

which is discretionary with the trial judge, it does authorize the granting and issuance of the writ when the judge improperly refuses to act on a matter within his jurisdiction. *Cleveland v. Ward,* 116 Tex. 1, 285 S.W. 1063, 1073 (1926); *Dozier v. Wray,* 222 S.W.2d 178 (Tex.Civ.App.—Waco 1949, no writ); *DeLeon v. Periman,* supra. The statute also authorizes the granting and the issuance of the writ when there has been a failure to act within a reasonable time, *Smith v. Monroe,* 2 S.W.2d 929, 930 (Tex. Civ.App.—El Paso 1928, no writ), or a refusal upon request, to proceed to judgment in a cause. *Dallas Ry. and Terminal Co. v. Watkins,* 126 Tex. 116, 86 S.W.2d 1081 (1935); *DeLeon v. Periman,* supra; see also 37 Tex.Jur.2d Mandamus sec. 18.

Applying the foregoing principles to the facts in this case we hold that there is no legal excuse for Judge Williamson's failure to perform his duty to rule on Relators' petition for incorporation as required by statute. He has a duty to act whether his power to determine the matter be called judicial, administrative or political. *Perkins v. Ingalsbe,* 162 Tex. 456, 347 S.W.2d 926, 930–31 (1961). More than a year has now elapsed since the petition requesting an election for incorporation was heard and taken under advisement by the Judge. Such a long delay cannot be sanctioned. The County Judge has no discretion to exercise in such a matter. He must rule in order that the Relators may either accept his ruling or attack it. Relators are therefore entitled to their writ of mandamus commanding Respondent, Judge Williamson, to proceed to enter an order either granting the relief requested or denying the same.

We are confident that Judge Williamson will proceed in accordance with the views expressed herein, but if he does not within 10 days after this order becomes final, writ of mandamus will issue.