NO. 07-01-0337-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

AUGUST 23, 2001

______________________________

IN RE JEFFERY KENT McLAURIN, RELATOR

_______________________________

Before BOYD, C.J., and REAVIS and JOHNSON, JJ.

By this original proceeding, relator Jeffery Kent McLaurin, an inmate proceeding 
pro se
 and 
in forma pauperis
, seeks a writ of mandamus to compel the Honorable Don Emerson to rule on his motion to compel his attendance in court in cause number 062615-00-D, styled In the Matter of the Marriage of Jeffery Kent McLaurin and Destry Lane McLaurin.  Attached to his petition for mandamus is his “Affidavit In Support Of Request For Hearing,” file stamped August 13, 2001, in which he avers that on July 15, 2001, he made a written request to Judge Emerson’s Court Coordinator that a hearing on his motion be held.
(footnote: 1)  He contends that as of August 10, 2001, he had not received a response to his request.  For the following reasons, relator’s petition for mandamus must be denied.

When a motion is properly filed and pending before a trial court, the act of considering and ruling upon the motion is a ministerial act.  Eli Lilly and Co. v. Marshall, 829 S.W.2d 157, 158 (Tex.1992).  A trial court must consider and rule upon a motion within a reasonable period of time, although no bright-line demarcates a reasonable time period.  Kissam v. Williamson, 545 S.W.2d 265, 267 (Tex.App.–Tyler 1976, orig. proceeding).  Relator must satisfy three requirements to establish his entitlement to the issuance of a writ of mandamus, to wit: (1) a legal duty to perform; (2) a demand for performance; and (3) a refusal to act.  Stoner v. Massey, 586 S.W.2d 843, 846 (Tex. 1979).  Further, the party requesting relief must provide a sufficient record to establish his entitlement to such relief.  Walker v. Packer, 827 S.W.2d 833, 837 (Tex. 1992).

Relator’s motion was filed with the District Clerk of Potter County on January 30, 2001.  However, according to his affidavit which is file stamped August 13, 2001, he did not request a hearing or otherwise bring his motion to the attention of the trial court until July 15, 2001.  We acknowledge that a trial court has the duty to consider and resolve motions within a reasonable time.  However, because only six weeks have lapsed since relator requested a hearing, he has not provided a record showing that a properly filed motion has awaited consideration and disposition for an unreasonable period of time.  Thus, relator has not satisfied the third requirement for mandamus relief that the trial court has refused to act on his motion.  An applicant for mandamus relief must show his entitlement to the extraordinary relief he seeks.  Barnes v. State, 832 S.W.2d 424, 426 (Tex.App.–Houston [1st Dist.] 1992, orig. proceeding).

Accordingly, relator’s request for a writ of mandamus is denied.

Don H. Reavis

         Justice

Do not publish.

FOOTNOTES
1:
Relator references this Court to cause number 07-01-0265-CV for consideration of other related documents, including a copy of his motion file stamped by the District Clerk of Potter County on January 30, 2001.  In an unpublished opinion, on July 12, 2001, this Court previously denied a petition for mandamus relating to the motion for not providing a record establishing that he had requested a hearing and a ruling followed by the trial court’s refusal to act.