6-96-028-CV Long Trusts v. Dowd 













In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-02-00017-CV


______________________________





IN RE: STEPHEN CLAY JOHNSTON









 


Original Mandamus Proceeding









 




Before Cornelius, C.J., Grant and Ross, JJ.


Opinion by Justice Grant








O P I N I O N



 Stephen Johnston has filed a Petition for Writ of Mandamus with this court asking this court
to direct the Sixth Judicial District Court of Lamar County, Texas, to grant his motion for DNA
testing pursuant to Tex. Code Crim. Proc. Ann. art. 64.01, et seq. (Vernon Supp. 2002).

 Johnston has not provided this court with information to show when he filed the motion, 
whether he complied with the requirements of the code in seeking the relief, or whether any of the
requirements of Chapter 64 were met. He states that the prosecutor had responded to his motion,
but there is no indication of the nature of the response, the date on which it was tendered to the court,
or the contents of the response.

 Mandamus issues only when the mandamus record establishes (1) a clear abuse of discretion
or the violation of a duty imposed by law, and (2) the absence of a clear and adequate remedy at law. 
Cantu v. Longoria, 878 S.W.2d 131, 132 (Tex. 1994) (orig. proceeding); Walker v. Packer, 827
S.W.2d 833, 839-40 (Tex. 1992) (orig. proceeding). Mandamus is an extraordinary remedy that will
issue only to correct a clear abuse of discretion, or in the absence of another statutory remedy, when
the trial court fails to observe a mandatory statutory provision conferring a right or forbidding a
particular action. Abor v. Black, 695 S.W.2d 564, 567 (Tex. 1985) (orig. proceeding).

 Even though a trial court is required to consider and rule on a motion within a reasonable
time, Barnes v. State, 832 S.W.2d 424, 426 (Tex. App.-Houston [1st Dist.] 1992, orig. proceeding);
Kissam v. Williamson, 545 S.W.2d 265, 266-67 (Tex. Civ. App.-Tyler 1976, orig. proceeding), there
is no showing in this case that an unreasonable amount of time has elapsed without a ruling, nor is
there any showing of facts from which this court could conclude the trial court abused its discretion
in any respect.

 Under this state of the record, we cannot conclude that Johnston has shown us he is entitled
to a writ of mandamus.

 The petition is denied.




 Ben Z. Grant

 Justice


Date Submitted: February 20, 2002

Date Decided: February 20, 2002


Do Not Publish



                  Donald R. Ross
                                                                           Justice

Date Submitted:      May 26, 2005
Date Decided:         May 27, 2005

Do Not Publish