6-96-028-CV Long Trusts v. Dowd 


















In The
Court of Appeals
Sixth Appellate District of Texas at Texarkana

______________________________

No. 06-04-00053-CV
______________________________



IN RE:
GARY DEAN COOKS




                                                                                                                                                             

Original Mandamus Proceeding





                                                                                                                                                             
                          


Before Morriss, C.J., Ross and Grant, JJ.
Opinion by Chief Justice Morriss



O P I N I O N

            Gary Dean Cooks has filed a petition seeking a writ of mandamus. In his petition, he states 
he is awaiting trial on a kidnapping charge and complains that the trial court has refused or failed
to rule on a number of motions he has prepared and filed pro se. Mandamus issues only when the
mandamus record establishes (1) a clear abuse of discretion or the violation of a duty imposed by
law and (2) the absence of a clear and adequate remedy at law. Cantu v. Longoria, 878 S.W.2d 131,
132 (Tex. 1994). 
            A trial court is required to consider and rule on a matter within its jurisdiction within a
reasonable time. Barnes v. State, 832 S.W.2d 424, 426 (Tex. App.—Houston [1st Dist.] 1992, orig.
proceeding); Kissam v. Williamson, 545 S.W.2d 265, 266–67 (Tex. Civ. App.—Tyler 1976, orig.
proceeding). "When a motion is properly filed and pending before a trial court, the act of giving
consideration to and ruling upon that motion is a ministerial act," and mandamus may issue to
compel the trial judge to act. Safety-Kleen Corp. v. Garcia, 945 S.W.2d 268, 269 (Tex. App.—San
Antonio 1997, orig.proceeding); see also Eli Lilly & Co. v. Marshall, 829 S.W.2d 157, 158 (Tex.
1992) (holding trial court abused discretion by refusing to conduct hearing and render decision on
motion). 
            In this case, however, Cooks is represented by counsel in the proceeding below. There is no
right to hybrid representation in Texas. Ex parte Taylor, 36 S.W.3d 883 (Tex. Crim. App. 2001); 
Turner v. State, 805 S.W.2d 423, 425 n.1 (Tex. Crim. App. 1991); Meyer v. State, 27 S.W.3d 644,
648 (Tex. App.—Waco 2000, pet. ref'd). Accordingly, the trial court need not consider or rule on
motions presented by the defendant personally. Once an appellant has assistance of counsel, the
court is entitled to look solely to the attorney and is not required to consider pro se motions. 
McKinny v. State, 76 S.W.3d 463, 478 (Tex. App.—Houston [1st Dist.] 2002, no pet.); Ashcraft v.
State, 900 S.W.2d 817, 831 (Tex. App.—Corpus Christi 1995, pet. ref'd, pet. dism'd [2 pets.]). The
trial court did not violate a ministerial duty by declining to rule on the motions filed.
            We deny the petition for writ of mandamus.
 
                                                                                    Josh R. Morriss, III
                                                                                    Chief Justice

Date Submitted:          April 28, 2004
Date Decided:             April 29, 2004



013-cvwynnv.johnsonopinion/footnoteicon.gif" alt="Footnote" width="16" height="14" border="0">

 and with a limited record, Wynn appeals on the sole issue
that the trial court's dismissal of the action denied Wynn the due process of law guaranteed by the
United States Constitution. We affirm the trial court's dismissal because we hold that Wynn was not
denied the due process of law.
            Unlike parental rights termination proceedings, there is no statutory right to counsel under
the genetic testing provisions of the Texas Family Code. Compare Tex. Code Crim. Proc. Ann.
art. 64.01(c) (Vernon Supp. 2006) (post-conviction DNA testing; indigent's statutory right to
appointment of counsel) with Tex. Fam. Code Ann. §§ 160.601, 106.603–.606, 106.611,
106.621–.632, 106.634–.637 (Vernon 2002), §§ 106.602, 160.607–.608, 160.612, 106.633 (Vernon
Supp. 2006) (parentage proceedings; no statutory right to appointment of counsel).
            Wynn cites Section 24.016 of the Texas Government Code as authority that he should have
been appointed counsel. That section is not applicable, not mandating the appointment of counsel,
but merely stating that a court "may appoint counsel" in an appropriate civil case. See Tex. Gov't
Code Ann. § 24.016 (Vernon 2004).
            Wynn is partially correct in his next paragraph, namely his claim that Section 107.013 of the
Texas Family Code requires appointment of counsel in parental rights termination cases. That
section requires appointment of counsel for indigent parents against whom a government entity seeks
termination of their parental rights. See Tex. Fam. Code Ann. § 107.013(a) (Vernon Supp. 2006). 
This section is also inapplicable to Wynn's case, because no government entity sought termination
of his parental rights.
            Finally, without citing to the source of the quote, Wynn makes his sole constitutional
argument: "When deprivation of parental [rights] status is at stake, counsel is part of the process that
is due." After finding the source of Wynn's quote, we noticed an important omission from Wynn's
version of the quote. The proper quote is, "When deprivation of parental status is at stake, however,
counsel is sometimes part of the process that is due." M.L.B. v. S.L.J., 519 U.S. 102, 123 (1996)
(emphasis added). The important point is that there is no blanket rule requiring appointment of
counsel for indigent parents whose parental rights are being terminated. M.L.B. cites to Lassiter v.
Dep't of Social Servs., 452 U.S. 18, 30–33 (1981), which calls for a case by case weighing of various
factors to determine whether, before termination of parental rights can be ordered, counsel must be
appointed for an indigent parent.


 But we need not engage in that weighing process. Wynn has not
been denied due process, because his parental rights, if any, have not been affected. That is because
the entire action, including Johnson's counterclaim for termination of Wynn's parental rights, was
dismissed, along with Wynn's suit to establish a parent-child relationship and, alternatively, for DNA
testing. 
 
 
 
            There was no error in dismissing the case without appointing counsel to represent Wynn. 
We affirm the judgment.
 
                                                                                    Josh R. Morriss, III
                                                                                    Chief Justice

Date Submitted:          August 14, 2006
Date Decided:             August 24, 2006