6-96-028-CV Long Trusts v. Dowd 



















In The
Court of Appeals
Sixth Appellate District of Texas at Texarkana

______________________________

No. 06-05-00218-CR
______________________________



IN RE:
JERRY LAMONTRA JONES




                                                                                                                                                             

Original Mandamus Proceeding





                                                                                                                                                             
                          


Before Morriss, C.J., Ross and Carter, JJ.
Memorandum Opinion by Justice Carter



MEMORANDUM OPINION

            Jerry Lamontra Jones has filed what we have deemed to be a petition for writ of mandamus. 
The thrust of his claim appears to be that he has either (a) filed an application for a post-conviction
writ of habeas corpus and been denied a hearing on such application, see Tex. Code Crim. Proc.
Ann. art. 11.07 (Vernon 2005), or (b) filed an application for a bench warrant in conjunction with
a motion for new trial, and that the trial court has refused to rule on his application. Given the state
of the record before us, we deny Jones' petition for writ of mandamus.
I. Procedural History of Jones' Underlying Criminal Conviction
            On October 3, 2000, Jones waived his right to a jury trial and pled guilty to the offense of
possession of a deadly weapon in a penal institution, a third-degree felony.


 See Tex. Pen. Code
Ann. § 46.10 (Vernon 2003). The trial court sentenced Jones to ten years' imprisonment pursuant
to a negotiated plea agreement. The record before us reflects Jones committed his crime in a penal
institution while serving a sentence for another felony offense. Thus, our law required the trial court
to order that Jones not begin serving his ten-year sentence for the current charge until after he had
completed service of his sentence for the Smith County crime. See Tex. Code Crim. Proc. Ann.
art. 42.08(b) (Vernon Supp. 2004–2005).



II. The Mandamus Jurisdiction of a Texas Intermediate Appellate Court
            Mandamus will issue only when the record establishes (1) a clear abuse of discretion or the
violation of a duty imposed by law, and (2) the absence of a clear and adequate remedy at law. 
Cantu v. Longoria, 878 S.W.2d 131, 132 (Tex. 1994); Walker v. Packer, 827 S.W.2d 833, 839 (Tex.
1992). Mandamus is an extraordinary remedy that will issue only to correct a clear abuse of
discretion, or, in the absence of another statutory remedy, when the trial court fails to observe a
mandatory provision conferring a right or forbidding a particular action. Abor v. Black, 695 S.W.2d
564, 567 (Tex. 1985) (orig. proceeding). 
            A trial court is required to consider and rule on a motion within a reasonable time. Barnes
v. State, 832 S.W.2d 424, 426 (Tex. App.—Houston [1st Dist.] 1992, orig. proceeding); Kissam v.
Williamson, 545 S.W.2d 265, 266–67 (Tex. Civ. App.—Tyler 1976, orig. proceeding). When a
motion is properly filed and pending before a trial court, considering and ruling on that motion is a
ministerial act, and mandamus may issue to compel the trial court to act. Safety-Kleen Corp. v.
Garcia, 945 S.W.2d 268, 269 (Tex. App.—San Antonio 1997, orig. proceeding); see also Eli Lilly
& Co. v. Marshall, 829 S.W.2d 157, 158 (Tex. 1992) (holding trial court abused its discretion by
refusing to conduct hearing and render decision on motion); Chiles v. Schuble, 788 S.W.2d 205, 207
(Tex. App.—Houston [14th Dist.] 1990, orig. proceeding) (finding mandamus appropriate to require
trial court to hold hearing and exercise discretion). While we have jurisdiction to direct the trial
court to make a decision, we may not tell the court what that decision should be. Crofts v. Court of
Civil Appeals, 362 S.W.2d 101 (Tex. 1962); O'Donniley v. Golden, 860 S.W.2d 267, 269–70 (Tex.
App.—Tyler 1993, orig. proceeding).
III. Jones' Petition for Writ of Mandamus
            The clerk of this Court has contacted the Bowie County District Clerk's Office, which
reported that Jones has filed neither an application for post-conviction writ of habeas corpus nor an
application for a bench warrant. And Jones has not submitted a record to this Court (other than his
one-page, entirely handwritten petition) suggesting otherwise. Therefore, from the information and
record available to this Court, we have no evidence that the trial court has failed to perform the
ministerial act of timely ruling on an application filed by Jones. Accordingly, we deny Jones'
petition for writ of mandamus.
 
                                                                        Jack Carter
                                                                        Justice

Date Submitted:          October 25, 2005
Date Decided:             October 26, 2005
 
Do Not Publish



did attend some special education classes. 

 On cross-examination, the following exchange took place demonstrating Gray's generally
lucid and precise responses to questioning:

 [THE STATE]: Mr. Gray, you said in your PSI, "I didn't think I forced her or
nothing"; is that correct?


 GRAY: I didn't say that.


 [THE STATE]: You didn't say to the presentence investigation officer that, "I didn't
think I forced her or nothing"?


 GRAY: I said, "I didn't force her." I didn't say, "I didn't think."

When confronted with the accusation that he forced his cousin to have sex with him, Gray responded
that he "wouldn't do that to my cousin," that he "wouldn't do that to nobody." 

 Essentially, the evidence to which Gray points as raising a bona fide doubt as to his
competency is the evidence of his below-average intelligence and the fact that he receives Social
Security checks based on "mental disability." The Texas Court of Criminal Appeals has concluded
that evidence of moderate or greater retardation is sufficient to create a question of competency. See
McDaniel, 98 S.W.3d at 710. It has not gone further to conclude that evidence suggesting that a
defendant has below-average intelligence and, arguably, may be mentally retarded is, alone,
sufficient to suggest that the defendant is incompetent. Nor have any of our sister courts. See
Arguelles v. State, No. 13-06-00184-CR, 2007 Tex. App. LEXIS 7911 (Tex. App.--Corpus Christi
Oct. 4, 2007, no pet.) (mem. op., not designated for publication) (concluding the following evidence
was insufficient to raise a bona fide doubt that defendant was competent: (1) defendant received
Social Security benefits, (2) defendant had been placed in special education classes, (3) defendant
suffered from depression, (4) defendant took prescription medication, and (5) defendant was unable
to read).

 Given the thorough informal inquiry made by the trial court at the time it took Gray's plea,
the evidence presented during the punishment hearing was not of such character or quantity to
require the trial court to further inquire into Gray's ability to consult with counsel or understand the
proceedings against him. We conclude that the trial court did not abuse its discretion by failing to
conduct further inquiry into Gray's competency after hearing the evidence presented during the
punishment hearing. The trial court inquired informally shortly before the punishment hearing
began, and the evidence presented at punishment did not prompt further inquiry into the matter. We
overrule Gray's second point of error.



 We affirm the trial court's judgment.



 Josh R. Morriss, III

 Chief Justice


Date Submitted: May 5, 2008

Date Decided: July 2, 2008


Publish




1. The trial court imposed punishment of twenty years for each offense, to run concurrently.