In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-06-00116-CR


______________________________




TERESA RAGLAND BARTTS, Appellant



V.



THE STATE OF TEXAS, Appellee




 


On Appeal from the 402nd Judicial District Court


Wood County, Texas


Trial Court No. 15,872-99




 




Before Morriss, C.J., Carter and Moseley, JJ.


Memorandum Opinion by Justice Moseley



MEMORANDUM OPINION



 Teresa Ragland Bartts has appealed from the revocation of her deferred adjudication
community supervision and adjudication of guilt for possession of a controlled substance, to-wit:
methamphetamine, in an amount of 400 grams or more with intent to manufacture. Following
Bartts's plea of guilty on two indictments, the trial court, in accordance with the plea agreements,
deferred the adjudication of guilt, placing Bartts on ten years' deferred adjudication community
supervision for each count. On March 13, 2006, and May 8, 2006, the trial court granted the State's
motion to proceed to final adjudication and found that Bartts violated the terms of her community
supervision. The trial court adjudicated Bartts guilty in each cause and assessed Bartts's punishment
in each cause at fifteen years' imprisonment, to run concurrently. The cases have been appealed
separately. 

 Because the briefs and arguments raised therein are identical in both appeals, for the reasons
stated in Bartts v. State, cause number 06-06-00115-CR, we likewise agree with counsel that there
are no arguable points of error in this case, with the following exception. (1)

 During our review of the case, we noted that the blank for "time credited to sentence" was
not completed. In the companion case, cited above, Bartts was credited with 284 days for time
served before her original plea. When pronouncing Bartts's sentencing, the trial court orally stated,
"I do give you credit for time served," referring to the time Bartts served in jail before her original
plea, thereby complying with Article 42.03 of the Texas Code of Criminal Procedure. See Tex.
Code Crim. Proc. Ann. art. 42.03 (Vernon 2006). The context of this statement indicates that the
trial court meant the statement to apply to both causes. The record in this cause contains a document
certifying that Bartts was entitled to 284 days of jail time credit in this cause.

 We modify the judgment to provide that Bartts has credit for 284 days of time served before
her original plea. As modified, we affirm the judgment of the trial court.



 Bailey C. Moseley

 Justice


Date Submitted: January 24, 2007

Date Decided: January 26, 2007


Do Not Publish


1. Given that we agree this case presents no reversible error, we also, in accordance with
Anders v. California, 386 U.S. 738 (1967), grant counsel's request to withdraw from further
representing the defendant in this case. No substitute counsel will be appointed. If the defendant
wishes to seek further review of this case by the Texas Court of Criminal Appeals, she must either
hire an attorney to file a petition for discretionary review or file a pro se petition for discretionary
review. Any petition for discretionary review must be filed within thirty days from the date of either
this opinion or the last timely motion for rehearing that was overruled by this Court. See Tex. R.
App. P. 68.2. Any petition for discretionary review must be filed with this Court, after which it will
be forwarded to the Texas Court of Criminal Appeals along with the rest of the filings in this case. 
See Tex. R. App. P. 68.3. Any petition for discretionary review should comply with the requirements
of Rule 68.4 of the Texas Rules of Appellate Procedure.



App.--San Antonio 1998, orig. proceeding), as is thirteen months,
Kissam, 545 S.W.2d 265, the maximum possible delay posed here would not be so clearly
unreasonable. 

 As pointed out by the Amarillo Court of Appeals, 

 Its scope [reasonable time to rule] is dependent upon a myriad of criteria, not the
least of which is the trial court's actual knowledge of the motion, its overt refusal to
act on same, the state of the court's docket, and the existence of other judicial and
administrative matters which must be addressed first. Ex parte Bates, 65 S.W.3d 133
(Tex. App.--Amarillo 2001, orig. proceeding). So too must the trial court's inherent
power to control its own docket be factored into the mix. See Ho v. University of
Texas at Arlington, 984 S.W.2d 672, 694-95 (Tex. App.--Amarillo 1998, pet.
denied) (holding that a court has the inherent authority to control its own docket).


Chavez, 62 S.W.3d at 228-29.

 For all of these reasons, we conclude that Burden has not shown himself entitled to the
extraordinary remedy of mandamus. Therefore, we deny his petition.



 Josh R. Morriss, III

 Chief Justice


Date Submitted: January 29, 2008

Date Decided: January 30, 2008