# NO. 12-11-00058-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *IN RE:* | § | |
| *CLEVELAND WADE THOMPSON,* | § | *ORIGINAL PROCEEDING* |
| *RELATOR* | § | |

### MEMORANDUM OPINION
### PER CURIAM

Relator Cleveland Wade Thompson has filed a petition for writ of mandamus "compelling the [trial court] to consider and rule on Relator's motions without prejudice and issue an order compelling a hearing on Relator's illegal sentence . . . in the interest of justice." We deny the petition in part and dismiss it in part.

### BACKGROUND

After entering an open plea of guilty, Relator was convicted of aggravated assault on a public servant. The trial court entered a judgment of conviction on November 15, 2002. Relator did not appeal his conviction. In the years since Relator's conviction, however, he has filed several applications for writ of habeas corpus, all of which have been dismissed by the court of criminal appeals. His most recent application was dismissed on December 6, 2010, and Relator has attached a copy of that application to his mandamus petition. Attached as exhibits to the copy of that habeas application are copies of various documents, including "Appellant's Notice of Appeal In Habeas Corpus" and "Defendant's Request For Court to Appoint Counsel." The relief Relator requests in this proceeding concerns these attached motions and the claim Relator raised in the habeas application.

## AVAILABILITY OF MANDAMUS

To obtain mandamus relief in a criminal case, a relator must demonstrate that he does not have an adequate remedy at law to redress his alleged harm and that the act he seeks to compel is ministerial (not involving a discretionary or judicial decision). *State ex rel. Young v. Sixth Judicial Dist. Court of Appeals*, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007) (orig. proceeding). If the relator fails to satisfy either aspect of this two part test, mandamus relief should be denied. *Id*.

### Failure to Rule on Motions

Relator first complains that the trial court has failed to rule within a reasonable time on his "Appellant's Notice of Appeal In Habeas Corpus" and "Defendant's Request For Court to Appoint Counsel." Both of these documents include a request for relief, and we therefore construe them as motions.

A trial court is required to consider and rule on a motion within a reasonable time. *Barnes v. State*, 832 S.W.2d 424, 426 (Tex. App.—Houston [1st Dist.] 1992, orig. proceeding); *Kissam v. Williamson*, 545 S.W.2d 265, 266–67 (Tex. Civ. App.—Tyler 1976, orig. proceeding). In other words, considering a motion that is properly filed and pending before a trial court is a ministerial act, and mandamus may issue to compel the trial court to act. *See State ex rel. Curry v. Gray*, 726 S.W.2d 125, 128 (Tex. Crim. App. 1987) (orig. proceeding). But that duty does not arise until the motion has been brought to the trial court's attention. *See In re Chavez*, 62 S.W.3d 225, 228 (Tex. App.—Amarillo 2001, orig. proceeding).

The record in this proceeding does not show that the motions Relator addresses have been filed in the trial court. Moreover, the Smith County District Clerk has no record of these motions being filed. Therefore, Relator has not shown that the trial court has a duty to rule on the motions. Because the trial court has no duty to rule on the motions, Relator has not shown that he is entitled to mandamus relief relating to the motions.[1]

### Failure to Conduct Hearing

Relator also requests that we direct the trial court to hold a hearing on his "illegal sentence." According to Relator, his sentence is illegal because the State introduced evidence

---

[1] As an aside, we note that "Appellant's Notice of Appeal In Habeas Corpus" appears to be a request that the court of criminal appeals permit him to file a subsequent habeas application challenging the same conviction. *See* TEX. CODE CRIM. PROC. ANN. art. 11.07 § 4 (Vernon Supp. 2010). Accordingly, even if this motion had been filed, the trial court would not be the proper court to rule on it.

that was sufficient to support only a lesser included offense and not the offense for which he was convicted. Texas Code of Criminal Procedure article 11.07 governs the procedure for obtaining postconviction relief from a final felony conviction. *See* TEX. CODE CRIM. PROC. ANN. art. 11.07 (Vernon Supp. 2010). Article 11.07 provides no role for the courts of appeals in this process. *See id*. Accordingly, we are without jurisdiction to order the trial court to conduct a hearing on Relator's "illegal sentence" complaint. Additionally, the court of criminal appeals has already dismissed the habeas application in which Relator made this complaint. Even if we otherwise had a role in postconviction felony habeas proceedings, we would have no authority to direct the trial court to review an issue raised in a habeas application that the court of criminal appeals has dismissed.

## CONCLUSION

Relator has not shown that the trial court has a duty to rule on his motions. Therefore, he has not shown that he is entitled to mandamus relief relating to the trial court's alleged failure to rule. Accordingly, we deny the portion of Relator's petition for writ of mandamus related to the trial court's alleged failure to rule.

We lack jurisdiction to direct the trial court to conduct a hearing concerning whether Relator's sentence is illegal. Therefore, we dismiss for want of jurisdiction the portion of Relator's petition related to his "illegal sentence" complaint.

Opinion delivered March 16, 2011.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(DO NOT PUBLISH)

3