NO. 12-11-00058-CR

 

IN THE COURT OF APPEALS          

 

TWELFTH COURT OF APPEALS DISTRICT

 

TYLER, TEXAS

IN RE:                                                            §                      

 

CLEVELAND WADE THOMPSON,          §                      ORIGINAL
PROCEEDING

 

RELATOR                                                     §                      







MEMORANDUM
OPINION

PER
CURIAM

            Relator
Cleveland Wade Thompson has filed a petition for writ of mandamus “compelling
the [trial court] to consider and rule on Relator’s motions without prejudice
and issue an order compelling a hearing on Relator’s illegal sentence . . . in
the interest of justice.”  We deny the petition in part and dismiss it in part.

 

Background

            After
entering an open plea of guilty, Relator was convicted of aggravated assault on
a public servant.  The trial court entered a judgment of conviction on November
15, 2002.  Relator did not appeal his conviction.  In the years since Relator’s
conviction, however, he has filed several applications for writ of habeas
corpus, all of which have been dismissed by the court of criminal appeals.  His
most recent application was dismissed on December 6, 2010, and Relator has
attached a copy of that application to his mandamus petition.  Attached as
exhibits to the copy of that habeas application are copies of various
documents, including “Appellant’s Notice of Appeal In Habeas Corpus” and
“Defendant’s Request For Court to Appoint Counsel.”  The relief Relator
requests in this proceeding concerns these attached motions and the claim
Relator raised in the habeas application.

 

 

Availability of Mandamus

            To
obtain mandamus relief in a criminal case, a relator must demonstrate that he
does not have an adequate remedy at law to redress his alleged harm and that
the act he seeks to compel is ministerial (not involving a discretionary or
judicial decision).  State ex rel. Young v. Sixth Judicial Dist. Court of
Appeals, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007) (orig. proceeding). 
If the relator fails to satisfy either aspect of this two part test, mandamus
relief should be denied.  Id.  

Failure to
Rule on Motions

            Relator
first complains that the trial court has failed to rule within a reasonable
time on his “Appellant’s Notice of Appeal In Habeas Corpus” and “Defendant’s
Request For Court to Appoint Counsel.”  Both of these documents include a
request for relief, and we therefore construe them as motions.

            A
trial court is required to consider and rule on a motion within a reasonable
time.  Barnes v. State, 832 S.W.2d 424, 426 (Tex. App.—Houston
[1st Dist.] 1992, orig. proceeding); Kissam v. Williamson, 545
S.W.2d 265, 266–67 (Tex. Civ. App.—Tyler 1976, orig. proceeding).  In other
words, considering a motion that is properly filed and pending before a trial
court is a ministerial act, and mandamus may issue to compel the trial court to
act.  See State ex rel. Curry v. Gray, 726 S.W.2d 125, 128 (Tex.
Crim. App. 1987) (orig. proceeding).  But that duty does not arise until the
motion has been brought to the trial court’s attention.  See In re
Chavez, 62 S.W.3d 225, 228 (Tex. App.—Amarillo 2001, orig.
proceeding).       

            The
record in this proceeding does not show that the motions Relator addresses have
been filed in the trial court.  Moreover, the Smith County District Clerk has
no record of these motions being filed.  Therefore, Relator has not shown that
the trial court has a duty to rule on the motions.  Because the trial court has
no duty to rule on the motions, Relator has not shown that he is entitled to
mandamus relief relating to the motions.[1]

Failure to
Conduct Hearing

            Relator
also requests that we direct the trial court to hold a hearing on his “illegal
sentence.” According to Relator, his sentence is illegal because the State
introduced evidence that was sufficient to support only a lesser included
offense and not the offense for which he was convicted.  Texas Code of Criminal
Procedure article 11.07 governs the procedure for obtaining postconviction
relief from a final felony conviction.  See Tex. Code Crim. Proc. Ann. art. 11.07 (Vernon Supp. 2010). 
Article 11.07 provides no role for the courts of appeals in this process.  See
id.  Accordingly, we are without jurisdiction to order the trial
court to conduct a hearing on Relator’s “illegal sentence” complaint. 
Additionally, the court of criminal appeals has already dismissed the habeas
application in which Relator made this complaint.  Even if we otherwise had a
role in postconviction felony habeas proceedings, we would have no authority to
direct the trial court to review an issue raised in a habeas application that
the court of criminal appeals has dismissed.

 

Conclusion

            Relator
has not shown that the trial court has a duty to rule on his motions. 
Therefore, he has not shown that he is entitled to mandamus relief relating to
the trial court’s alleged failure to rule.  Accordingly, we deny the portion of
Relator’s petition for writ of mandamus related to the trial court’s alleged
failure to rule.

            We
lack jurisdiction to direct the trial court to conduct a hearing concerning
whether Relator’s sentence is illegal.  Therefore, we dismiss for want of
jurisdiction the portion of Relator’s petition related to his “illegal
sentence” complaint.

Opinion delivered March 16, 2011.

Panel
consisted of Worthen, C.J., Griffith, J., and Hoyle, J.

 

 

 

 

 

 

 

 

 

(DO
NOT PUBLISH)









                [1] As an aside, we note that
“Appellant’s Notice of Appeal In Habeas Corpus” appears to be a request that
the court of criminal appeals permit him to file a subsequent habeas
application challenging the same conviction.  See Tex. Code Crim. Proc. Ann. art. 11.07 §
4 (Vernon Supp. 2010).  Accordingly, even if this motion had been filed, the
trial court would not be the proper court to rule on it.