58,466-07

CAUSE NO

RECEIVED IN
COURT OF CRIMINAL APPEALS

AUG 12 2015

Abel Acosta, Clerk

IN RE: JESSIE BRIONES, ID# 1682650 §      IN THE COURT OF

REALTOR §

§

VS. §      CRIMINAL APPEALS

§

DEAN WHALEN §      AUSTIN TEXAS

ECTOR COUNTY JUDGE, 70th J.D.C. §

AND §

CLARISSA WEBSTER §

ECTOR COUNTY DISTRICT CLERK §

RESPONDENTS

## REALTOR'S MOTION FOR LEAVE TO FILE ORIGINAL APPLICATION FOR WRIT OF MANDAMUS IN FORMA PAUPERIS

TO THE HONORABLE JUSTICES OF THE COURT OF CRIMINAL APPEALS:

**COMES NOW**, Jessie Briones, Realtor, Pro-Se pursuant to Article 72.1 of the Texas Code Of Criminal Procedure and Article 4.04 § 1, and 11.07 § 3(d), of the Texas Code of Criminal Procedure, and asks this Honorable Court's permission for leave to file an "Original Application For Writ Of Mandamus Informa Pauperis," under trial Court Habeas Cause No. A-37,410-B. Realtor's declaration of inability to pay costs is attached as exhibit 1. In support thereof Realtor would show the following.

## I. HABEAS TRIAL COURT'S REFUSAL TO PERFORM IT'S MINISTRIAL DUTY

On March 24, 2015, Realtor filed his Second Application of Habeas Corpus in the trial Court No. A-37,410, along with a memorandum in support of the 11.07, and a Appendix of Exhibits with a perponderance of evidence. On June 23, 2015, Maria Zamudio District Clerk of Ector County answered the Habeas Application with a clerk's summary sheet and a Clerk's Certificate of Appeal.

1.

Consequently, the trial Court has refused to rule upon any of the grounds put forth by Realtor in his Habeas Application and memorandum in accordance with the Rules of Appellate Procedure, or perform any fact finding necessary to adjudicate Realtor's valid habeas claims.

Realtor has exhausted his remedies and has no other adequate remedy at law. Because the acts sought to be compelled are ministrial, not discretionary in nature, Realtor asks the Honorable Court's permission to Grant his, "Motion For leave To File Original Application For Writ Of Mandamus".

## II.
## UNDERLYING HABEAS ISSUES

It can be shown that no order of designating issues was entered by the trial Court, no order for affidavit were produced to resolve valid habeas claims, no hearing was held or any proper assisgnment to the convicting Court was done by the clerk under Tex. Code Crim. Proc. Ann. Art. 11.07 § 3(b)(vernon supp. 2001). By which the clerk Clarissa Webster of the convicting Court assigns a file number to the case, ancillary to that of the conviction being challenged, and forward a copy of the application to the attorney representing the State. see Tex. Code Crim. Proc. Ann. Art. 11.07 § 3(d). (vernon supp. 2001).

After the convicting Court makes a findings of fact or approves the findings of the person designated to make them, the clerk of the convicting Court must immed-iately transmit to the Court of Criminal Appeals, the application, answers filed, any motions filed, transcripts of all depositions and hearings, and affidavits, and any other motions such as official records used by the Court in resolving issues of fact. However, Realtor contends the trial Court and trial Clerk did not act in accordance to there ministrial duties.

Failure of the Court to address the habeas proceedings with a finding of facts and conclusion of law and to grant relief or forward to the Court of Criminal Appeals, will prevent Realtor from having his claims adjudicated based on an accurate record compelled in a fair manner, and consistant with the demands of Due Process. This will allow Realtor to show cause and prejudice in subsuquent federal writ litigations. These underlying habeas claims, when substantiated, will entitle Realtor to relief.

2.

## III.
### CONCLUSION AND PRAYER

As stated above, Realtor has put the Court on notice of enforcing it's ruling and has gone beyond the requirements of Article 11.07, to date, Realtor has recieved no responce in accordance with Article 11.07 as listed above.

Wherefore, premises Considered, Realtor, Jessie Briones, Pro-Se Prays that this Honorable Court Grant his Motion For Leave To File Original Application For Writ Of mandamus, and issue process to compel the habeas trial Court to perform there ministerial duties.

Executed on this 8 day of August, 2015

*Jesse Briones*

Respectfully Submitted

Jessie Briones


### SWORN DECLARATION

I, Jessie Briones, being presently incarcerated in the Goree Unit of the T.D.C.J. in Walker County, Texas, Under penalty of purjury, do hereby affirm that the facts put forth above are true and correct.

Executed on this 8 day of August, 2015

*Jesse Briones*

Respectfully Submitted

Jessie Briones

CAUSE NO.

| | | |
|---|---|---|
| IN RE: JESSIE BRIONES, ID# 1682650 | § | IN THE COURT OF |
| REALTOR | § | |
| | § | |
| VS. | § | CRIMINAL APPEALS |
| | § | |
| DEAN WHALEN | § | AUSTIN TEXAS |
| ECTOR COUNTY JUDGE, 70th J.D.C. | § | |
| AND | § | |
| CLARISSA WEBSTER | § | |
| ECTOR COUNTY DISTRICT CLERK | § | |
| RESPONDENTS | § | |

### REALTOR'S ORIGINAL APPLICATION FOR WRIT OF MANDAMUS

TO THE HONORABLE JUSTICES OF THE COURT OF CRIMINAL APPEALS:

**COMES NOW,** Jessie Briones, Realtor, Pro-Se, in the above styled and numbered cause of action and files this Original Application For Writ Of Mandamus, pursuant to Article 11.07 § 3(d) and 4.04 § 1, of the Texas Code of Criminal Procedure, and would show the following.

### I. REALTOR

Jessie Briones, T.D.C.J.# 1682650, is an inmate incarcerated in the Texas Department of Criminal Justice Goree Unit, and is appearing pro-se, who can be located at 7405 hwy 75, S., Huntsville Texas 77344. On March 24, 2015, Realtor filed his Original Application for a Writ of Habeas Corpus in the 70th Judicial District of Ector County. The application was under habeas trial Court no. A-37,410-B.

### II. RESPONDENT'S

Respondent, the Honorable Dean Whalen, in his capacity as Judge of the 70th Judicial Court, Ector County, Texas has a ministerial duty to make a " finding of facts" as set forth by T.C.C.P. Art. 11.07 § 3(d), enforce any orders issued as set forth by T.C.C.P. Art. 11.54, and rule upon properly filed motions taken under his advisement.

1.

The Honorable Dean Whalen,.in the 70th Judicial District Court, Ector County, Texas may be served at his place of business at 300, N Grant Ave. Ector County Courthouse, Odessa Texas.

Respondent, Clarissa Webster, in her capacity as Clerk of the 70th Judicial Court , Ector County, Texas has a ministerial duty to assign a file number to the case, ancillary to that of the conviction being challenged and forward a copy of the application to the attorney representing the State under Tex. Code Crim. Proc. Ann. Art. 11.07 § 3(d)(vernon supp.2001).

The Clerk Clarissa Webster, of the 70th Judicial District Court, Ector County, Texas may be served at her place of business at Room 301, Ector County Courthouse, 300 N. Grant Ave. odessa Texas 79761.

### III.    T.C.C.P. STATUTORY REQUIREMENTS

The portions of T.C.C.P. applicable to this application, state;

If the convicting Court decides that there are controverted, previously unresolved facts which are material to the legality of the Applicant's confinement, it shall enter an order within 20 days of the expiration of the time allowed for the State to reply, designating the issues of fact to be resolved. To ressolve those issues the Court may order affidavits, depositions, interrogatories, additional forensic testing, and hearings, as well as personel recollectiion. .. after the convicting Court makes findings of facts or approves the finding of the person designated to make them, the clerk of the convicting Court shall imediately transmit to the Court of Criminal Appeals, under one cover,[the writ record].

T.C.C.P. ARTICLE 11.07 § 3 (d)(emphasis added)

The Court of Judge granting a writ of habeas corpus may grant necessary orders to bring before him the testimony taken before the examining Court, and may issue process to enforce the attendance of witnesses.

T.C.C.P. ARTICLE 11.54(emphasis added)

The Court of Criminal Appeals and each Judge thereof shall have, and is hereby given, the power and authority to grant and issue and cause the issuance of writs of habeas corpus, and, in criminal law matters, the writs of Mandamus....

T.C.C.P. ARTICLE 4.04 § 1.

### IV.    RESPONDENT WHALEN'S IN VIOLATION OF T.C.C.P. ART. 11.07.

Respondent Whalen is in violation of article 11.07 : 3(d) of the Texas Code of Criminal Procedure by failing to adress the grounds put forth and to make a "finding of facts" to be transmitted to the Court of Criminal Appeals.

Realtor has exhausted his remedies and has no other remedy of law. The acts sought to be compelled are ministerial, not discretionary in nature. see Lanford v.

2.

<u>Fourteenth Court of Appeals</u>, 847 S.W.2d 581, 586(Tex.Crim.App.1993). As this Court noted in <u>Mcree v. Hampton</u>, 824 S.W.2d 578, the legislature has been "very restrictive in its directions to the trial Courts of this State" in order to ensure an expeditious adjudication of habeas claims.

Respondent Whalen has refused to perform his ministerial duty to consider and rule upon Realtor's habeas corpus pleadings in a reasonable period of time. Realtor properly filed a writ of habeas corpus on March 24, 2015. Realtor has not recieved the proper response or action in lue of his habeas application.

A trial Court is required to consider and rule upon a motion within a reasonable amount of time. see <u>Barnes v. State</u>, 832 S.W.2d 424, 426 (Tex.App.-Houston.[1st Dist.] 1992, orig. proc. see also <u>Kissam v. Williamson</u>, 545 S.W.2d 265, 266-67 (Tex.Civ.App-Tyler 1976 orig. proc.)(mandamus will issue where trial judge refuses to act within a reasonable time)" when a motion is properly filed and pending before a trial Court, the act", and mandamus may issue to compel the trial judge to act. <u>O'Donneley v. Golden</u>, 860 S.W.2d 267,-70(Tex.App.-Tyler 1993 orig. proc.); Eli Lilly and Co. v. <u>Marshall</u>, 829 S.W.2d 157, 158 (Tex.1992)(trial Court abuses its discretion by refusing to conduct hearing and render decision on motion); <u>Chiles v. Schuble</u>, 788 S.W.2d 205 207(Tex.App.-Houst.[14th Dist.] 1990 orig. proc.)(mandamus is appropriate to require trial judge to hold and exercise discretion).

Here, Respondent Whalen's refusal to perform his ministerial duty in a reasonable manner and time is clearly an attempt to delay the resolution of Realtor's valid habeas claims that, when substantained, will entitle Realtor to relief. Realtor requests that this Honorable Court issue an order compelling the habeas trial Court to adress his properly filed habeas application.


V.　　CONCLUSION AND PRAYER

As stated above, it is necessary that the Court complete its habeas process so that Realtor's habeas claims can be properly adjudicated on their merits. Additionally, Realtor cannot fully substantiate his habeas claims without proper procedure. Respondent Whalen's failure to adhere to the applicable statutes and perform his ministrial duties, undermines the entire judicial process. Failure of this Court to Grant Realtor's Writ Of Mandamus will allow him to show cause and prejudice in subsequent federal writ litigation.

Wherefore, Premises Considered, Realtor Prays that this Honorable Court of Criminal Appeals instruct Respondent Whalen and Webster to comply with there ministerial duties.

CERTIFICATE OF SERVICE AND MAILING

I Jessie Briones, being presently incarcerated in the Y.D.C.J. Goree Unit, of Walker County, Texas and under penalty of purjury, do hereby affirm that I have delivered a copy of this foregoing Realtor's Motion to the prison mailroom for mailing to the following;

Louise Pearson, Clerk
Texas Court of Criminal Appeals
P.O. Box 12308
Capitol Station
Austin Texas 78711-2308

Ms. Clarissa Webster
District Clerk of Ector County
Room 301, Ector County Courthouse
300 N. Grant Ave.
Odessa Texas 79761

Executed on this day the 8th day of August, 2015

*Jesse Briones*

Respectfully Submitted

Jessie Briones

4.

## EXHIBIT 1

## DECLARATION OF INABILITY TO PAY COST

(The following Declaration is made pursuant to the Texas Rules of Civil Procedure and Title 6, Chapter 132 of the Texas Civil Practices and Remedies Code.)

Now respectfully comes ___Jesse Briones___, TDCJ # __1682650__, and declares that I am unable to pay the court costs in this civil action and requests leave of the Court to proceed in forma pauperis in this accompanying civil action and would show the Court the following:

(1) I am presently incarcerated in the __THOMAS GOREE UNIT__ Unit of the Texas Department of Criminal Justice where I am not permitted to earn or handle money.

(2) I have no source of income or spousal income.

(3) I currently have $ __0__ credited to me in the Inmate Trust Fund.

(4) During my incarceration in the Texas Department of Criminal Justice I have received approximately $ __0__ per month as gifts from relatives and friends.

(5) I neither own nor have an interest in any realty, stocks, bonds, or bank accounts and I receive no interest or dividend income from any source.

(6) I have __No__ dependents.

(7) I have total debts of approximately $ __3,000__.

(8) I owe $ __1,875__ as restitution.

(9) My monthly expenses are approximately $ __1,380__.

I, ___Jesse Briones___, TDCJ # __1682650__, being presently incarcerated in the __THOMAS GOREE__ Unit of the Texas Department of Criminal Justice in __WALKER__ County, Texas, verify and declare under penalty of perjury that the foregoing statements are true and correct. Executed on this the __8th__ day of __August__, 20 __15__.

___Jesse Briones___
Name
TDCJ # __1682650__