Clerk,
Court of Criminal Appeals of Texas
P.O. Box 12308
Capitol Station
Austin, Texas 78711

83,969-01

RECEIVED IN
COURT OF CRIMINAL APPEALS

SEP 30 2015

Abel Acosta, Clerk

September 30, 2015

Dear Clerk,

    Please find enclosed the Petitoners APPLICATION FOR LEAVE TO FILE PETITION
FOR WRIT OF MANDAMUS, ALONG WITH THE Petitioner's PETITION FOR WRIT OF MANDAMUS.
Would you please file these documents and present them to the Honorable Judges
of this said Court. Trial Court No. 1165059D. and C.O.A. No. 02-12-00354-CR.

                                        Respectfully Submittted,

                                        Robert Bell

                                        Robert Earl Bell Jr.
                                        #1835192
                                        McConnell Unit
                                        3001 S. Emily Dr.
                                        Beeville, Texas 78102

TRIAL COURT NO. 1165059D
COURT OF APPEALS NO. 02-12-00354-CR

IN THE COURT OF APPEALS FOR
SECOND DISTRICT OF TEXAS
FORT WORTH, TEXAS

In re., Robert Earl Bell Jr.    §         Petitioner

V.                           §

Hon. Robb Catalano, Judge    §        Respondent

APPLICATION FOR LEAVE TO FILE
PETITION FOR WRIT OF MANDAMUS

TO THE Honorable Judges of said Court:

   Comes now, Robert Earl Bell Jr., Petitioner herein, Respectfully moves this Honorable Court for leave to file the attached Petition For Writ of Mandamus.

/s/ Robert Bell

Robert Earl Bell Jr.
#1835192
McConnell Unit
3001 S. Emily Dr.
Beeville, Texas 78102

IN THE COURT OF CRIMINAL APPEALS
FOR THE STATE OF TEXAS

In re Robert Earl Bell Jr.      §
        Petitioner      §

VS.      §

THE STATE OF TEXAS      §
JUDGE, Robb Catalano      §
        Respondent      §

CASE NO:

TRIAL CAUSE NO: 1165059D

CRIMINAL DISTRICT COURT NO. 3

TARRANT COUNTY, TEXAS

## PETITION FOR WRIT OF MANDAMUS

TO THE HONORABLE JUDGES OF SAID COURT:

Now comes, Robert Earl Bell Jr., hereinafter known as the Petitioner/
Relator in the above styled and numbered cause, and complaining of the Honorable Judge Robb Catalano, hereinafter Respondent. Requesting this Honorable Court to grant this Petition For Writ Of Mandamus, and would, in support thereof would show the court the following:

I.

A. Respondent, Judge Robb Catalano, is the Presiding Judge in the convicting Court, Criminal District Court No. 3., Tarrant County, Texas who is duly qualified to rule on the Motion/Pleading filed in this cause that was timely filed.

B. Petitioner/Relator has attempted to exhaust all State remedies before petitioning for issuance of a Writ Of Mandamus and meet the three prerequisites for the issuance of a Writ of Mandamus by this Honorable Court for the following reasons:

[1]. The Trial Court has a legal duty to perform this nondiscretionary act within a reasonable time period. Kissam v. Williams, 545 S.W.2d. 265,267(Tex.App.-Tyler-1976 orig.proceeding); Barnes v. State, S.W.2d.424,426-(Tex.App.-Houston[1st.Dist.]1992).

[2]. Petitioner/Relator has made the proper request and demand for performance in the following respect:

(1)

(REQUEST) a. By filing a timely MOTION TO OBTAIN DOCUMENTS AND
TRIAL RECORDS., ON 8-17-2015. see Exhibit [1] attached.


As of the filing of this Mandamus, no action has been taken within the (35)
days pending of the Motion and Notice.

Thus, the Trial Courts' refusal to make a ruling, clearly demonstrates an
intential disregard for Petitioner's/Relator's right to Access to Court. see-
Bounds v. Smith, 430 U.S.817,824(1977). (Prisoners have a fundamental Constitutional
right to adequate, effective, and meaningful access to Court to challenge viol-
ationsof Constitutional rights).

C. (FACTS OF THE CASE) Petitioner/Relator was sentenced to Life in Prison
for the offense of AGGRAVATED ROBBERY WITH A DEADLY WEAPON. Notice of
Appeal ws given, and after both sides submitted briefs the Court of -
Appeals for the Second district Of Texas, Fort Worth, Texas affirmed
the conviction on 5-29-2014. a subsequent Petition For Discretionary
Review was also denied.

Thereafter, Petitioner/Relator has diligently made attempts to obtain Trial
and Appellate records to assist his right to file an 11.07 Writ of Habeas Corpus
attacking his convicting and sentence.

D. Petitioner's/Relator's Constitutional right to Due Process, and Access
to Court are being violated with regularity, by the Criminal District Court No.-
3. Refusal to rule on his Motions and Pleadings without a reasonable explanation.
The Court's refusal is an impediment of access to Court, that forces Petitioner-
/Relator to proceed with inadequate access to Court to challenge the violation
of his Constitutional rights.

E. Petitioner/Relator has no adequate remedy at Law other than a Writ Of
Mandamus as prayed for, and has no right of Appeal from the refusal of the Trial
Court to rule on the Motion/Pleading unless Writ Of Mandamus as Prayed for Herein
is granted. Otherwise, Petitioner/Relator will be subjected to denial of due pro-
cess of his right to have a ruling on his Motions/Pleadings pursuant to the right
established in: In re Christensen,39 S.W.3d.250(Tex.App.-amarillo)2000).

> "Fundamental requirement of due process mandates an opportunity to
> be heard. District Court is compelled to consider and rule on a-

(2)

pending Motion presented to the Court." <u>Creel v. District Attorney,</u>
<u>For Medina County</u>, 818 S.W.2d.45,46(Tex,1991).


## PRAYER

WHEREFORE, PREMISES CONSIDERED, Petitioner/Relator Prays that LEAVE to file
this Petition be **GRANTED.** That same be set for submission and that
**Writ Of Mandamus** be issued by this Honorable Court, **ORDERING** and **DIRECTING**
respondent Honorable Judge Robb Catalano to rule on Petitioner/Relator's
MOTION TO OBTAIN DOCUMENTS AND TRIAL RECORDS. And said duty be done within a
reasonable time frame, which thirty (30) days would be reasonable on the time
the Motion/Pleadings has been pending since 8-17-2015.

Respectfully Submitted,

X _Robert Bell_
Robert Earl Bell Jr. #1835192
McConnell Unit
3001 S. Emily Dr.
Beeville, Texas 78102


## DECLARATION

I Robert Earl Bell Jr., do declare under penalty of perjury that the above
foregoing stated information is true and correct.

X _Robert Bell_
Robert Earl Bell Jr. #1835192


## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing PETITION FOR WRIT OF
MANDAMUS, has been placed in the U.S. Mail and addressed to:

District Clerk,
Criminal District Court No. 3
401 W. Belknap
Fort Worth, Texas 76196

EXHIBIT I.

CAUSE NO: <u>1165059D</u>

*Exhibit I*

| | | |
|---|---|---|
| ROBERT EARL BELL JR. | § | IN THE CRIMINAL DISTRICT |
| | § | COURT NUMBER 3 |
| V. | § | TARRANT COUNTY, TEXAS |
| STATE OF TEXAS | § | |

## <u>MOTION TO OBTAIN DOCUMENTS AND TRIAL RECORDS</u>

TO THE HONORABLE JUDGES OF SAID COURT:

Comes now Robert Earl Bell, Jr, Movant Pro-Se herein, who respectfully moves this Honorable court to allow Movant to proceed with this action seeking copies of documents, Trial transcripts and Clerk's Record pertaining to the above-styled and numbered cause. Movant is entitled to said copies, and with support thereof Movant would respectfully show this Court the following:

### I.

Under authority of the "Open Courts" mandate of Texas &Authority Constitution Art § 1 Sec13, and the 14th Amend. of the U.S. Const., This Court has power to grant the requested relief herein.

### III.

Movant has good cause that he was denied his 6th Amend. right to effective assistance of Counsel. Therefore, Movant is in the process of preparing an Application for Writ of Habeas Corpus, so that this Honorable Court can review said denial and other violations of Constitutional Rights. (see. <u>Ex Parte Banks</u>, 769 S.W.2d. 539, 540 (Tex.Crim.App.) "Habeas Corpus is available only to review......Denial of fundamental or Constitutional rights" ., (See <u>Ex Pare Maidona</u>, 688 S.W.2d. 44,46 (Tex.Crim.App.) "In a post-conviction attack, the burden is on the Applicant to allege and prove facts which if true, entitle him to relief,". (See also <u>(ex Parte McPherson</u>, 32 S.W.3d.- 360,361 (Tex.Crim.App.). "Relief may be denied only when Applicant states conclusions and not specific facts."

Hence, Movant shows that documents, trial transcripts, and Clerk's records are most needed by Movant so he can show and prove his facts and Constitutional violations instead of only stating mere conclusions within his Habeas Corpus Application.

(1)

Exhibit I

However Applicant is indigent and unable to pay or purchase said documents, trial transcripts and Clerk's Records. (see Draper v. Washington, 83 S.Ct. at 781); "In terms of trial records... the State must afford the indigent a record of completeness to permit proper consideration of (His) claims."

## III.

In the Bounds case the Supreme Court states, (See Bounds v. Smith, 97-S.Ct. 1491 (1997): "It is now established that prisoners hav Constitutional rights of access to the Courts." More recently decisions have struck down restrictions and requires remedial measures to ensure that inmates access to Courts are adequate, effective, and meaningffl. (see Bounds v. Smith, SUPRA) In order to prevent effective foreclose access, indigent prisoners must be allowed to file Habeas Corpus petitions." However, this is impossible without having the proper records. Bpunds v. Smith.) "It is impossible without a trial transcript". The Supreme Court in Griffin, held that (see Griffin v. Illinois, 76 S.Ct. 591); "Destitute defendants must be afforded adequate application review as defendants who merely have to buy transcripts." Therefore the Court must furnish the indigent defendant with a free copy of the documents necessary for the purpose of Direct Appeal. However, The Griffen principle of equality was not limited to transcripts for purposes for Direct Appeal review. The Supreme Court later in Lane held that "Smith makes clear that the Griffin principle also applies to the State Collateral proceedings." (Lane v. Brown, 83 S.Ct. 768,773(1993).

## IV.

Movant contends that if He is denied a copy of the documents requested herein, this motion, such would be denying the Movant the right to file a Habeas Corpus petition. Said denial would be a violation of the 14th Amend. to the United States Constitution. Moreover, to impose any financial conditions between an indigent prisoner of the State to exercise a State right to have a remedy by due course of Law for an injury done to Him is to deny that prisoner the equal protections of Law as provided through the United States Constitution.

*Exhibit I*

In <u>Gardener v. California,</u> the Supreme Court held that "A layman acting in His own defense or his own behalf needs the Court records even more than an Attorney acting in his behalf would." (<u>Gardned v. California,</u> 89 S.Ct. 582-(1969).

Therefore, Movant avers that the documents requested are essential and requires to present Movant's case in the most favorite light and that said documents must be obtained to prove Movant's allegations to the trial court as well as the Higher Courts.

SINCERELY,

*Robert Bell*

ROBERT EARL BELL JR. #1835192
McConnell Unit
3001 S. Emily Dr.
Beeville, Texas 78102

## INMATE DECLARATION

I ROBERT EARL BELL JR., DO DECLARE under the penalty of perjury, that the above is true to the best of my knowledge. Applicant is indigent and has been through his entire criminal proceedings, with documentationa already on file with this said Court of law. CRIMINAL DISTRICT COURT NUMBER 3 TARRANT COUNTY, TEXAS.

RESPECTFULLY SUBMITTED,

*Robert Bell*

ROBERT EARL BELL JR. #1835192
McConnell Unit
3001 S Emily Dr.
Beeville, Texas 78102