# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-13-00002-CV

**In re David Lightfoot Hernandez**

## ORIGINAL PROCEEDING FROM TRAVIS COUNTY

## M E M O R A N D U M   O P I N I O N

Relator David Lightfoot Hernandez, an inmate in the Texas Department of Criminal Justice, has filed a petition for writ of mandamus complaining of the district court's alleged refusal to rule on his "motion for entry of no-answer default judgment" and other pleadings that he claims to have filed with the district court. In the record attached to his petition, Hernandez has included: (1) a copy of the motion; (2) a copy of a letter from the Travis County District Clerk's Office acknowledging that it had filed Hernandez's motion and related pleadings on August 21, 2012; (3) copies of other documents and pleadings relating to the alleged "default judgment" that Hernandez subsequently mailed to the district clerk's office; and (4) a copy of a letter from Hernandez addressed directly to the district court judge, dated December 8, 2012, informing the judge of the filing of his motion and related pleadings and asking the judge to "advise" him on what needs to be done to ensure the "finality" of his "default judgment."

Mandamus is an extraordinary remedy that issues only to correct a clear abuse of discretion or violation of a duty imposed by law when no other adequate remedy at law is available. *State v. Walker*, 679 S.W.2d 484, 485 (Tex. 1984). When a motion is properly filed and pending before a trial court, the act of giving consideration to and ruling upon that motion is a ministerial act.

*See Eli Lilly and Co. v. Marshall*, 829 S.W.2d 157 (Tex. 1992); *Barnes v. State*, 832 S.W.2d 424, 426 (Tex. App.—Houston [1st Dist.] 1992, orig. proceeding). When a mandamus petition is based on an allegation that a trial court has failed to rule on a properly filed motion, the relator will not be entitled to mandamus relief unless he establishes that the trial court: (1) had a legal duty to rule on the motion; (2) was asked to rule on the motion; and (3) either refused to rule on the motion or failed to rule within a reasonable time. *In re Keeter*, 134 S.W.3d 250, 252 (Tex. App.—Waco 2003, orig. proceeding); *In re Villarreal*, 96 S.W.3d 708, 710 (Tex. App.—Amarillo 2003, orig. proceeding); *Barnes*, 832 S.W.2d at 426-27.

What is considered a reasonable amount of time depends on the circumstances of each case. *In re Blakeney*, 254 S.W.3d 659, 662 (Tex. App.—Texarkana 2008, orig. proceeding). No bright-line rule demarcates the boundaries of a reasonable time period. *Ex parte Bates*, 65 S.W.3d 133, 135 (Tex. App.—Amarillo 2001, orig. proceeding). "Many indicia are influential, not the least of which are the trial court's actual knowledge of the motion, its overt refusal to act on same, the state of the court's docket, and the existence of other judicial and administrative matters which must be addressed first." *Id*. "So too must the trial court's inherent power to control its own docket be included in the mix." *Id*.

Moreover, the relator has the burden to provide us with a record sufficient to establish his right to mandamus relief. *Walker v. Packer*, 827 S.W.2d 833, 837 (Tex. 1992). Accordingly, Hernandez is required to provide us with a sufficient record showing that a properly filed motion has awaited disposition for an unreasonable period of time.

In this case, the record indicates that Hernandez's motion and related pleadings were filed by the district court clerk on August 21, 2012, less than five months ago. Additionally, Hernandez's letter to the district court informing the court of his pending motion and requesting

action was not written until December 8, 2012, approximately one month ago. We cannot conclude in this case that either one month or five months constitutes an unreasonable period of time in which to rule on a motion, particularly when we have no information in the record concerning the state of the district court's docket, other judicial or administrative matters which the district court must address first, or anything suggesting that the district court has overtly refused to rule on Hernandez's motion. *See, e.g.*, *Blakeney*, 254 S.W.3d at 662-63 (delay of between five to seven months not unreasonable based on circumstances of that case); *In re Villarreal*, 96 S.W.3d 708, 711 (Tex. App.—Amarillo 2003, orig. proceeding) (five-month delay not per se unreasonable); *Bates*, 65 S.W.3d at 136 (six-month delay from date of filing of motions and seven-week delay from date of bringing motions to court's attention not considered unreasonable); *In re Chavez*, 62 S.W.3d 225, 229 (Tex. App.—Amarillo 2001, orig. proceeding) (two-month delay not unreasonable). *Cf. In re Ramirez*, 994 S.W.2d 682, 684 (Tex. App.—San Antonio 1998, orig. proceeding) (eighteen-month delay considered unreasonable); *Kissam v. Williamson*, 545 S.W.2d 265, 266–67 (Tex. Civ. App.—Tyler 1976, orig. proceeding) (thirteen-month delay considered unreasonable). On this record, we cannot conclude that Hernandez has satisfied his burden of proving that he is entitled to mandamus relief.

The petition for writ of mandamus is denied.

_____

Bob Pemberton, Justice

Before Justices Puryear, Pemberton and Rose

Filed: January 17, 2013