GONZALES *v.* BUIST.

APPEAL FROM THE DISTRICT COURT OF THE UNITED STATES
FOR PORTO RICO.

No. 181.  Submitted March 4, 1912.—Decided April 1, 1912.

Appellant's contention that he was not accorded a proper hearing in the court below cannot be availed of here if the record does not show that he formally excepted or objected to the rulings. *Apache County* v. *Barth*, 177 U. S. 538.

Under § 35 of the Porto Rican act of April 12, 1900, 31 Stat. 85, c. 191, writs of error to and appeals from final decisions of the Supreme Court for the District of Porto Rico are governed by the rules that govern writs of error to and appeals from Supreme Courts of the Territories, which confine this court to determining whether the court below erred in deducing its conclusions of law from the facts as found, and to reviewing errors committed as to admission or rejection of testimony upon proper exceptions preserved. *Young* v. *Amy*, 171 U. S. 179.

On appeal from the Supreme Court of a Territory the agreed statement or findings must be of the ultimate facts; for if they are merely, as in this case, a recital of testimony or evidentiary facts, there is nothing brought to this court for consideration, and the judgment must be affirmed. *Glenn* v. *Fant*, 134 U. S. 398.

4 Porto Rico Fed. Rep. 243, affirmed.

THE facts, which involve the rules governing appeals from the Supreme Court of Porto Rico and the District Court of the United States for the District of Porto Rico, are stated in the opinion.

*Mr. H. H. Scoville* and *Mr. J. R. F. Savage* for appellant.

*Mr. Willis Sweet* filed a brief for appellees.

MR. CHIEF JUSTICE WHITE delivered the opinion of the court.

Gonzales, the appellant, sued in the court below to be declared the owner and entitled to the possession of a tract of land valued at six thousand dollars, situated in the District of Porto Rico, from the possession of which he claimed to have been unlawfully ousted by the defendants in March, 1907. In addition to specifically denying the averments of the complaint, the defendants by an amended answer pleaded that as the result of a controversy between them and the grantor of the plaintiff concerning the land in dispute, the title and right of possession were adjudicated in their favor, and in virtue of the judgment they were put in possession of the property, which was the ouster complained of. Averments were also made which tended to show that the conveyance under which plaintiff asserted his ownership was made and received in bad faith after the commencement of the action the judgment in which was pleaded as *res judicata,* in order to deprive the plaintiffs in that action of the benefit to result from a recovery therein.

On July 9, 1908, the case was called for trial, a jury was waived, and after the allowance of amendments to the pleadings the following took place, according to recitals in the journal of the court:

"Whereupon the Court, not being satisfied with the situation of the pleadings, calls upon the respective counsel for argument as to the question whether or not the plea as to the matters in issue being *res judicata* should not be sustained. Thereupon such argument is proceeded with, and the Court, after having heard counsel for the

respective sides in that behalf, gave them until Monday the 13th instant to file briefs and memoranda of authorities, after which the issue will be passed upon."

On July 31, 1908, the court filed a written opinion sustaining the plea of *res judicata,* and ordering the complaint to be dismissed. An entry of dismissal was made on the same day. The next step in the litigation was the filing on October 12, 1909, of a petition for the allowance of an appeal to this court, and the granting of the same on October 26, 1909. Cotemporaneous with the allowance of the appeal there was filed with the papers in the cause a document styled "Findings of fact and conclusions of law." The opening paragraphs contained recitals of the taking of the appeal and that the court, upon the application of the appellant, "makes the following findings of fact upon which it based its final decree." The written agreement of the parties to waive a trial by jury was next stated, as also that argument was heard "as to the question whether or not the plea as to the matters in issue being *res judicata* should not be sustained," and the statement contained in the excerpt heretofore made from the journal as to granting leave to file briefs, etc., was reiterated.

It was next recited, in the opening sentence of the paragraph of findings numbered III: "That thereupon counsel for defendants, on July 13, 1908, filed, without first submitting the same to the inspection of counsel for the plaintiff, the following brief and statement of facts, with annexed exhibit." The remainder of paragraph III, found on pages 17 to 25 of the printed transcript of record, consists of a copy of the "defendant's brief on *res judicata* and the translation of what purport to be findings made in the judgment in the action pleaded as *res judicata.*"

Paragraph IV of the findings opens with the following statement:

"That thereupon, on July 27, 1908, counsel for plain-

tiff filed, without first submitting the same to the inspection of the counsel for defendants, the following brief and statement of facts with annexed exhibit."

Next follows a copy of a document entitled in the action and styled, "Statement and brief on plea of *res judicata,*" found on pages 25 to 38 of the printed transcript, subdivided into headings entitled "Facts," "Documentary proof No. 1," "Documentary proof No. 2," and "Translation of Exhibit A," an alleged cautionary notice of the institution of the prior suit.

The findings of fact thus concluded:

## "V.

"That with the exception of said briefs and statements so filed as aforesaid and the exhibits attached thereto, no other or further evidence was received, submitted or considered in this cause, and no further hearing of this cause was had.

## "VI.

"That counsel for plaintiff requested the Court for a further hearing and that evidence be taken by the Court in support of the statements made by counsel for plaintiff and counsel for defendant in their respective briefs, and that the Court refused to allow any further evidence in the premises other than that contained in the Exhibits attached to said briefs, and the relief map presented at the hearing."

Declaring that it had sufficient evidence before it to pass upon the question of *res judicata,* the court, thereupon, as a conclusion of law found that the prior judgment was *res judicata* of the claims set up in the complaint and concluded as follows:

"The foregoing statement of facts, in the nature of a special verdict, and the above conclusions of law having been submitted by counsel for the respective parties and

approved by the Court, the same is signed and certified, at San Juan, Porto Rico, this twenty-sixth day of October, 1909, and the same with a copy of the Court's opinion in the case will be transmitted to the Honorable the Supreme Court of the United States according to law."

The assignments of error are eleven in number, and state in various forms of expression the contention that the judgment entered was erroneous because plaintiff was not accorded a proper hearing upon the issue of *res judicata*. The appellant did not, however, formally except to any ruling or decision of the court on the subject, and in consequence, even upon the assumption that the objection of want of regularity in the practice pursued might, under some circumstances, be available here (*Salina Stock Co.* v. *Salina Creek Irrigation Co.*, 163 U. S. 109), it cannot on this record be availed of. *Apache County* v. *Barth*, 177 U. S. 538, 542.

There is nothing shown by the record which we can review, since what is denominated findings of fact is not such in legal effect, and the record does not contain any rulings of the court, excepted to, upon the admission or rejection of evidence. By § 35 of the Porto Rican act of April 12, 1900, 31 Stat. 85, writs of error and appeals from final decisions of the Supreme Court for the District of Porto Rico shall be allowed and may be taken to this court "in the same manner and under the same regulations . . . as from the Supreme Courts of the Territories of the United States." Now, as held in *Young* v. *Amy*, 171 U. S. 179, 183:

"It is settled that on error or appeal to the Supreme Court of a Territory this court is without power to reexamine the facts and is confined to determining whether the court below erred in the conclusions of law deduced by it from the facts by it found, and to reviewing errors committed as to the admission or rejection of testimony when the action of the court in this regard has been duly ex-

cepted to, and the right to attack the same preserved on the record."

But whether the court adopts an agreed statement of facts or itself finds the facts, the agreed statement or findings must be of the ultimate facts, and if they be merely a recital of testimony or evidentiary facts, it brings nothing before this' court for consideration. *Thompson* v. *Ferry*, 180 U. S. 484; *United States Trust Company* v. *New Mexico*, 183 U. S. 535, 540. As said in *Crowe* v. *Trickey*, 204 U. S. 228, 235, the statement of facts required by the statute should present clearly and precisely the ultimate facts, although, as further observed in the same case, a mere incorporation of unnecessary details may not be fatal if "a sufficient statement finally emerges." Under no possible view, however, of the findings we are considering can they be held to constitute a compliance with the statute, since they merely embody conflicting statements of counsel concerning the facts as they suppose them to be and their appreciation of the law which they deem applicable, there being, therefore, no attempt whatever to state the ultimate facts by a consideration of which we would be able to conclude whether or not the judgment was warranted. The case is analogous to that presented by the record in *Glenn* v. *Fant*, 134 U. S. 398, where it was held that an agreement that the parties might refer to and rely upon all the grounds of action or defense to be found in the voluminous records of two equity cases in other courts, including the pleadings and findings and orders and decrees therein, could not take the place of a special verdict of a jury or the special findings of fact by the court, so as to enable this court to determine the questions of law thereon arising.

No error being apparent on the record, the judgment of the District Court of Porto Rico must be and it is

*Affirmed.*