**SMITH et ux. v. MONROE. (No. 2114.)**

Court of Civil Appeals of Texas. El Paso.
Feb. 9, 1928.

**1. Appeal and error ⬤⟝101(1)—Order postponing until regular term consideration of motion in vacation to vacate order appointing receiver held not appealable (Rev. St. 1925, art. 2250).**

Refusal to dissolve receivership by order passing motion in vacation to set aside order appointing receiver for consideration at regular term *held* not appealable, under Rev. St. 1925, art. 2250, as equivalent to overruling such motion.

**2. Appeal and error ⬤⟝10—Mandamus, not appeal, is remedy for failure to act on motion in vacation to vacate order appointing receiver.**

Remedy for error, if any, in failing to act on motion in vacation to vacate order appointing receiver is by mandamus, not appeal.

Appeal from District Court, Pecos County; C. R. Sutton, Judge.

Trespass to try title by W. A. Smith and wife against Henry C. Monroe, in which Jerry Monroe intervened as next friend of Mrs. Smith. From an order passing a motion in vacation to vacate an order appointing a receiver for consideration at a regular term, plaintiffs appeal. Appeal dismissed.

See, also, 1 S. W. (2d) 358.

Glenn R. Lewis and Wright & Gibbs, all of San Angelo, for appellants.

R. G. Hughes and Jas. Cornell, both of San Angelo, and Belcher & Montague, of Del Rio, for appellee.

PELPHREY, C. J. This is an appeal from an order of the district court of Pecos county, Tex., made upon a motion of appellants to vacate an order appointing a receiver. A suit was instituted in said court by appellants against Henry C. Monroe in trespass to try title to several thousand acres of land in Pecos county; Henry C. Monroe filed a plea in abatement alleging that W. A. Smith was not a proper party to the suit because of the fact that Mrs. Smith, mother of Henry C. Monroe, was wholly lacking in mental capacity to contract at the time of her pretended marriage to appellant, W. A. Smith; later, another son of Mrs. Smith, as next friend, filed a plea in intervention in the suit, alleging the mental incapacity of his mother, and prayed for an annulment of the pretended marriage of his mother, that a receiver be appointed to take charge of and care for her property, and that the said W. A. Smith be enjoined from asserting any kind of possession or right to his mother's property. The trial court granted the injunction as prayed for and appointed a receiver. From the order granting the injunction, W. A. Smith and wife appealed to this court. The judgment of the trial court was affirmed. (Tex. Civ. App.) 1 S. W. (2d) 358. On November 7, 1927, appellants filed the following motion to vacate the receivership:

"Now comes W. A. Smith and wife, M. A. Smith, and without waiving their plea of privilege heretofore filed in said cause, or any amendment thereof, but in all things subject to and reserving the same, file this their motion to vacate and set aside the order entered herein on September 15, 1927, appointing a receiver for the estate of Mrs. M. A. Smith, and to dissolve said receivership proceedings, for the following reasons:

"(1) Because, as shown in the movant's plea of privilege on file herein and as appears from the plea of intervention filed by Jerry Monroe, adopted by Henry C. Monroe and Willie Monroe, and from the other pleadings in said cause, this court is without venue or jurisdiction to entertain said plea of intervention or to enter any orders thereupon, other than one of dismissal, or perhaps transfer, in this, that neither the said W. A. Smith nor the said M. A. Smith is now a resident of Pecos county, Tex., and neither of them was a resident of such county at the time of the filing of their petition herein, nor at the time of filing of said plea of intervention, nor at any time since long prior to the institution of this suit, but that both the said W. A. Smith and M. A. Smith are now and at and since all the times mentioned above residents of Tom Green county, Tex., where they now reside and have resided since long prior to August 24, 1927, when plaintiff's petition was filed in the above-entitled cause.

"Movants further say that no exception to exclusive venue in the county of one's residence provided by law exists in said cause of action, if any, set forth in said plea of intervention; that said intervention suit does not come within any of the exceptions provided by law in such cases authorizing said intervention suit to be brought or maintained in Pecos county, Tex., or elsewhere outside of Tom Green county, Tex., and in this connection, show that no venue was conferred by such an action as that sought

to be maintained in said intervention, for the reason that the trespass to try title suit brought by movants herein granted Henry C. Monroe and said intervention suit are wholly independent and unrelated actions, and as shown on the face of the record herein, the filing of such plea of intervention injected a clear misjoinder of causes of action in this cause.

"For which reason movants say that said receivership or proceedings were improperly created and ought to be dissolved.

"(2) Because said order appointing a receiver is necessarily based upon allegations that the said Mrs. M. A. Smith is non compos mentis, and even if such allegations are true, the probate court of Tom Green county, Tex., where she resides, has exclusive jurisdiction for the appointment of a guardian and receiver for the person and estate of the said Mrs. Smith.

"(3) Because if it be true that Mrs. M. A. Smith is non compos mentis, interveners have a complete and adequate legal remedy for the preservation of said estate in that they might have a guardian appointed therefor.

"(4) Because the action sought to be maintained by said intervention involves different parties, independent, unrelated, and different issues from the parties and issues involved in trespass to try title suit filed by movants against Henry C. Monroe herein, and said plea of intervention should never have been permitted to be filed, must necessarily be dismissed by reason of such misjoinder, being in the record without authority of law, cannot properly form the basis of a receivership over the properties of either of said movants.

(5) Because, as appears from said plea of intervention, the same is in fact only a suit to have the said Mrs. M. A. Smith declared non compos mentis and to have a receiver appointed over her properties, said receivership not being sought as ancillary to any suit to determine the title to properties or for the protection of such properties pending any litigation of the title thereto.

"(6) Because as an analysis of the pleadings in this cause shows, interveners filed their action in the form of a petition for intervention in this case only as a subterfuge to induce this honorable court to assume venue and jurisdiction thereof, when as a matter of fact this court is without either venue or jurisdiction for the trial of said intervention suit.

"(7) Because sufficient facts are not alleged in said petition for intervention to authorize such appointment of the receiver over the properties of Mrs. M. A. Smith, either without a hearing or otherwise.

"Wherefore movants pray that said order appointing a receiver together with all proceedings thereunder be in all things vacated, set aside, and dissolved."

The trial court made the following order on the above motion:

"On this the 17th day of November, 1927, the sworn motion or affidavit of the plaintiffs in the above styled and numbered cause having been presented to me in vacation for action thereon, and the same having been duly and fully considered by the court, and the court being of the opinion that said motion and affidavit is in truth and in fact a plea of personal privilege to be sued in the county of plaintiff's residence, Tom Green county, Tex., and that the court would not be authorized to act thereon in vacation:

"Said motion and affidavit are therefore passed for consideration and disposition at the regular term of the district court of Pecos county, Tex., at the March term, 1928, to be held on the first Monday in said month."

From such action by the court an appeal has been taken to this court.

### Opinion.

[1] Appellee has filed a motion to dismiss the appeal for the reason that the record does not disclose an overruling of the motion to vacate the receivership, and therefore this court has no jurisdiction to entertain this appeal.

Article 2250, Revised Statutes, provides for an appeal from an interlocutory order overruling a motion to vacate an order appointing a receiver or trustee in any case, and if the order of the court in the present case is such an order, then the appeal from such order is properly before this court.

Appellants contend that the refusal of the court to dissolve the receivership is in effect the same as overruling such motion and is appealable. With this contention we cannot agree. The order of the court on its face discloses the fact that the court was reserving taking action on the motion until a later date, and from such action no appeal will lie.

[2] If the court was in error in failing to act on the motion, upon which question we express no opinion, then the remedy of appellants was by means of mandamus.

Being of the opinion that this court has no jurisdiction of the appeal, it is therefore dismissed.

Appeal dismissed.