David M. CARNES, Individually, and John H. Johnstone, d/b/a Johnstone Clinic, Relators,

v.

Honorable R. E. CUNNINGHAM, District Judge of the District Court, El Paso County, Texas, Sixty-fifth Judicial District, and Estanislado H. Carbajal, Jr., as Next Friend for Steven Carbajal, a minor child, Respondents.

No. 5537.

Court of Civil Appeals of Texas.

El Paso.

Sept. 27, 1961.

Kemp, Smith, Brown, Goggin & White, El Paso, for relators.

Alan V. Rash, El Paso, for respondents.

LANGDON, Chief Justice.

Relators were defendants in a damage suit brought by respondents. In the pleadings filed below, plaintiff alleged that the minor child broke his left arm on August 5, 1960; that defendants were employed to treat and cure such minor child of his broken arm; that defendants accepted such employment and undertook to treat the child. It was alleged that defendants negligently and carelessly applied a cast to the child's arm so as to be too tight, causing the child discomfort and pain; that defendants' attention was called to this condition and they attempted to loosen the cast by cutting the cast with an electric oscillating cast cutter; but, in doing so, operated the cutter in such a negligent and careless manner that the blade of the saw ripped and tore open the child's arm, laying the skin open and subsequently causing the child to become sick and run a fever and to suffer pain; that defendants negligently failed to discover that the arm of plaintiff's minor child had been cut by the cast cutter

until several days later. In addition to the specific acts of negligence plead, plaintiff also plead the doctrine of res ipsa loquitur.

The case was submitted to the jury on nine special issues, only four of which were answered, the jury being unable to agree on the remaining issues. Relators contend that the jury findings on the issues actually answered entitle Relators to a judgment in favor of defendants as a matter of law. Relators' motion for judgment on the verdict was denied, and the trial court granted plaintiff's motion for mistrial. Relators now seek to obtain a writ of mandamus to compel the trial judge to set aside the order of mistrial, and to enter judgment on the verdict in favor of Relators.

Since a proper disposition of this case involves and requires an interpretation of the jury's findings, the four special issues on which findings were made are set out below:

"Question No. 1.

"Do you find from a preponderance of the evidence that on or about August 8, 1960, the Defendant, Dr. David Carnes, cut Plaintiff Steven Carbajal's left arm with an Electric Oscillating Cast Cutter? Answer: 'Yes' or 'No.'

"We Answer:  Yes

"Question No. 2.

"Do you find from a preponderance of the evidence that Plaintiff Steven Carbajal suffered physical injuries as a direct and proximate result of being cut with the Electric Oscillating Cast Cutter, if you have found he was so cut? Answer: 'Yes' or 'No.'

"We Answer:  No

"If you answer 'Yes' to Question Number One, then, but not otherwise, answer the following question:

"Question No. 3.

"Do you find from a preponderance of the evidence that such cutting of the

left arm of the Plaintiff Steven Carbajal with the Electric Oscillating Cast Cutter, if his left arm was so cut, was negligence? Answer: 'Yes' or 'No.'

"We Answer: <u>No</u>

"If you answer 'Yes' to the preceding question, then, but not otherwise, answer the following question:

"Question No. 4.

"Do you find from a preponderance of the evidence that such negligence, if negligence you have found, was a proximate cause of the injury, if any, to his left arm? Answer: 'Yes' or 'No.'

"We Answer: <u>No</u>"

"The Respondents contend that, because the jury failed to answer all the issues submitted, the trial judge was acting within his discretionary authority in granting plaintiff's motion for mistrial and in overruling defendants' motion for judgment on the verdict; and, therefore, a writ of mandamus will not lie. It is also contended that the jury's answers to Special Issue No. 1 and to Special Issue No. 2 are in fatal and irreconcilable conflict and destroy each other; that the jury unnecessarily answered Special Issue No. 4, conditionally submitted upon an affirmative answer to Special Issue No. 3, which was answered in the negative, and that such answer is surplusage which the trial court was required to disregard; that no judgment on the verdict could be entered based upon the one remaining answer to Special Issue No. 3.

■■ It is a general rule, and one recognized by Texas courts, that whenever the rendition of the judgment involves no judicial discretion, but is purely ministerial, the same may be compelled by mandamus. However, trial courts are vested with broad discretion relating to the control and disposition of their dockets, and the authority of appellate courts to intervene and to order a judge to enter judgment on a jury verdict is exercised with this extensive discretion in mind.

In the case before us, the jury failed to answer issues inquiring whether the defendant, Dr. David Carnes, operated the electric cast cutter in a negligent manner; whether the plaintiff failed to take proper care of the minor child after such child received a broken arm; and whether such failure, if any, was the sole proximate cause of the injury, if any, complained of in this suit. It also failed to answer the damage issue.

If we assume that the cut suffered by the child, which the jury found was actually inflicted by the cast cutter, was an *injury* (regardless of how insignificant the cut may have been), then such finding is in conflict with the jury's finding that the child suffered *no physical injury* as a result of being cut with the cast cutter. We believe the answers given to Issues 1 and 2 destroy each other by reason of the conflict, and that Special Issue No. 3, standing alone, amounts to a general charge and is not sufficient to support a judgment in favor of Relators. Further, plaintiff plead and relied upon the doctrine of res ipsa loquitur as a ground of recovery (in addition to the specific acts of negligence alleged in their pleadings), which theory of recovery was not set at rest because of the jury's failure to answer all of the issues submitted to it. Since the jury found that the defendant, Dr. Carnes, *did* cut the child's arm with the electric cutter, and impliedly found that the defendant Dr. Carnes *controlled* the instrument that caused the cut, we think the court itself, in considering Relators' motion for judgment on the jury verdict must necessarily have reviewed the evidence to determine whether the cast cutter, in the ordinary course of events, if properly constructed, maintained and operated, would have caused the cut upon the arm of the child. If the court concluded (as it impliedly did) that the cast cutter under such circumstances would not have cut the arm of the child, the cut alone, in such case, is

sufficient to raise an inference of negligence.

 It is true that Courts of Civil Appeals have authority to issue writs of mandamus to compel a district judge to enter a judgment where the undisputed facts support and require the rendition of the one judgment; or, where the jury has found all the facts in issue necessary to the rendition of such judgment. In such case, the rendition of judgment is purely ministerial, and may be compelled by mandamus. Art. V, sec. 6, Vernon's Ann.Tex.Const.

The case before us does not involve a situation where the court has refused to act at all. Here, Relators filed their motion for judgment, and it was considered and acted upon by the court. A writ may issue to compel the exercise of discretion where there has been a refusal to act at all, but it will not be granted for the purpose of directing the exercise of discretion in any certain manner. McDowell v. Hightower, 111 Tex. 585, 242 S.W. 753; O'Meara et al. v. Moore, 142 Tex. 350, 178 S.W.2d 510.

The burden is upon Relators to show a clear and absolute right to the judgment sought to be compelled by mandamus. Where no clear duty to enter a particular judgment is shown to exist, the entry of judgment involves the exercise of judicial discretion and does not call for the performance of a purely ministerial act.

The court had before it two motions—the Relators' motion for judgment, and plaintiff's motion for mistrial. The jury had failed to answer all the issues submitted, and a possibility of conflict existed in the answers actually found by the jury.

The trial judge, after reviewing the evidence or lack of it, might, with propriety, have granted Relators' motion for judgment, or denied it and granted plaintiff's motion for mistrial, as he in fact did. In such case, the action of the trial court involves the exercise of judicial discretion,

and mandamus will not issue to compel a court to render a particular judgment when that court is of the opinion that no judgment at all should be rendered, and has accordingly granted a mistrial. Southwestern Bell Tel. Co. v. Shell, Tex.Civ. App., 266 S.W.2d 476; Firestone v. Hall, Tex.Civ.App., 143 S.W.2d 797.

Relators' application for writ of mandamus is denied.