Rene DeLEON, Relator,

v.

Honorable Carl PERIMAN, Judge of the Court of Domestic Relations of Potter County, Texas, Respondent.

No. 8650.

Court of Civil Appeals of Texas, Amarillo.

Nov. 24, 1975.

Carson Smith, Amarillo, for relator.

PER CURIAM.

The ultimate issue in this original mandamus proceeding is whether the court having continuing jurisdiction of a suit affecting the parent-child relationship is required to act on a proper motion to modify its managing conservatorship order entered less than one year previously. We hold that the court is required to entertain the motion and to seasonably either deny the motion or schedule a hearing on its merits. Writ granted.

Relator Rene DeLeon moved for and was granted leave to file a petition by which he seeks a writ of mandamus commanding the Honorable Carl Periman, Judge of the Court of Domestic Relations of Potter County, Texas, as respondent, to entertain his motion and affidavit which had been filed for the purpose of seeking the designation of a managing conservator different from the one appointed by the court's order entered seven months previously. The relator further petitions for the writ to also compel respondent to order the managing conservator to appear and show cause why a temporary managing conservator should not be appointed.

Summarized, relator's sworn averments are: Helen DeLeon, the former wife of relator, was appointed managing conservator of their three-year-old son by the 9 April 1975 order of the Court of Domestic Relations of Potter County, Texas, entered in Cause No. 18,845 decreeing the termination of the marriage relationship between the parties. Approximately seven months later on 5 November 1975, relator filed in the cause his verified motion, to which was attached his affidavit, alleging why the prior order should be, and praying that on a hearing it be, modified by the appointment of a different managing conservator. The affidavit contains the allegation that "I have reason to believe and do believe that the present environment of the child endangers the child's physical health and significantly impairs the child's emotional development," and a recitation of matters which relator submits as facts supporting the allegation. On the day of the filing, an in-chambers presentment of the motion and affidavit, together with a proposed order for a show cause hearing on the appointment of a temporary managing conservator, was made to the respondent judge, who, upon being requested to make a determination, refused to consider the instruments and take any action thereon either then or on the re-presentment in open court on the following day. In refusing to act, respondent stated that he would not consider the motion or affidavit, even if an emergency existed, and that he would only entertain an agreed order from the parties.

The unchallenged averments are accepted as true. *Hidalgo County Water Improvement District No. 2 v. Blalock,* 157 Tex. 206, 301 S.W.2d 593, 596 (1957).

Relator's motion to modify comes within the purview of, and his affidavit encompasses the elements enumerated in, the provisions of V.T.C.A., Family Code § 14.08(d) which, as amended effective 1 September 1975 by the 64th Legislature, reads:

(d) If the motion is filed for the purpose of changing the designation of the managing conservator and is filed within one year after the date of issuance of the order or decree to be modified, there shall be attached to the motion an affidavit executed by the person making the motion. The affidavit must contain at least one of the following allegations along with the supportive facts:

(1) that the child's present environment may endanger his physical health

or significantly impair his emotional development; or

\*　　\*　　\*　　\*　　\*　　\*

Further amending § 14.08(d), the legislature provided by a new subsection that:

(e) On the filing of a motion to which the provisions of Subsection (d) of this section apply, the court *shall* deny the motion and refuse to schedule a hearing unless the court determines, on the basis of the affidavit, that adequate facts to support an allegation listed in Subdivision (1) or (2) of Subsection (d) of this section are stated in the affidavit. If the court determines that the facts stated are adequate to support an allegation, a time and place for the hearing *shall* be set. (Emphasis supplied.)

■ It is to be noticed that, after declaring in § 14.08(a) of the Code that an order of appointment of a conservator "may be modified only by the filing of a motion in the court having jurisdiction of the suit affecting the parent-child relationship," the legislature specified that the court *shall* deny a § 14.08(d) motion unless the court determines that the attached affidavit expresses adequate facts to support its allegation, in which event the court *shall* schedule a hearing. When it appears in a statute, the word "shall" is used in the mandatory sense, particularly in providing for the essence of the thing to be done, unless it can be said, after a consideration of the entire act, that the legislature intended the word to be merely directory. *Chisholm v. Bewley Mills,* 155 Tex. 400, 287 S.W.2d 943, 945 (1956).

■ Considering the nature and object of the parent-child relationship legislation and the effect thereon of contrasting consequences that flow from the mandatory or directory construction given the word "shall" as used in § 14.08(e), it is evident that the legislature intended to use the word in the mandatory sense. The legislature prescribed an exclusive method by which the court is informed of an attack on

the managing conservatorship; it surely intended to provide that the court must decide and announce without undue delay whether the information supplied warrants further inquiry for the protection of the child. Otherwise, if the court were free to ignore the matter, the inaction would defeat the object of the legislation, because there would be no compellable examination of the factual allegations to ascertain if they indicated the need for a hearing. Obviously, then, the legislature intended, and we hold, that upon presentation of a § 14.-08(d) motion filed in the court of continuing jurisdiction, the judge is required to entertain the motion and to seasonably either deny the motion and refuse to schedule a hearing or, if the affidavit be deemed adequate, schedule a hearing on its merits.

■ This court is authorized by Vernon's Ann.Civ.St. art. 1824 to compel a judge, by writ of mandamus, to proceed to trial and judgment in a case. The authorization does not sanction the use of the writ to dictate the character of any order or judgment that is discretionary with the trial judge, *Stephenson v. Boyer,* 479 S.W.2d 355 (Tex.Civ. App.—Amarillo 1972, no writ); but it does include the granting and issuance of the writ when the judge improperly refuses to act on a matter within his jurisdiction, *Cleveland v. Ward,* 116 Tex. 1, 285 S.W. 1063, 1073 (1926), such as failing to act on a motion within a reasonable time, *Smith v. Monroe,* 2 S.W.2d 929, 930 (Tex.Civ.App.— El Paso 1928, no writ), or refusing, after he has been requested, to hold a hearing on a motion, *Crouch v. Shields,* 385 S.W.2d 580, 583 (Tex.Civ.App.—Dallas 1964, writ ref'd n. r. e.), *cert. denied,* 382 U.S. 907, 86 S.Ct. 232, 15 L.Ed.2d 159 (1965), or refusing, upon request, to perform an act required by statute. *Hursey v. Bond,* 141 Tex. 337, 172 S.W.2d 305, 306 (1943). See, also, *Fulton v. Finch,* 162 Tex. 351, 346 S.W.2d 823 (1961).

■ The averments, which we have accepted as true, reflect there is no legal excuse for Judge Periman's refusal to act

as required by the statute to entertain the motion and to either deny it or schedule a hearing on its merits. It follows that to this extent relator's petition for writ of mandamus, and the writ, must be granted; but insofar as the petition seeks to control respondent's discretion regarding a temporary managing conservatorship, it is denied.

In view of the foregoing, we assume that Judge Periman will entertain the motion to modify forthwith and either (1) deny it, or (2) schedule a hearing on its merits if he finds that the affidavit warrants a hearing; accordingly, the writ will issue only in the event he does not do so.