# EMERGENCY RELIEF REQUESTED


No. _____


_____

## IN THE COURT OF
## CRIMINAL APPEALS, TEXAS

_____

**In Re Jason Childress,**

**Relator**

_____

## PETITON FOR WRIT OF MANDAMUS

_____

**On Petition For A Writ Of Mandamus
To The Texas Court of Criminal Appeals From Cause No. 2014CR1548
From The Comal County Court At Law #2 of Comal County, Texas
(Charles A. Stephens II)**

_____

**IDENTITY OF PARTIES**

Relator, Jason Childress, certifies that the following is a complete list of the names and addresses of all parties.

Relator:                                      Jason Childress

Sui Juris in Trial Court,

9141 Gristmill Ct.
Fort Worth, Texas

Respondent:                         Charles A. Stephens II
County Court At Law #2 of
Comal County, Texas
150 N. Seguin, Ste. 301
New Braunfels, TX 78130

Interested Party:                  Abigail Whitaker
Comal County District Attorney's Office
Comal County Courthouse Annex
150 N. Seguin Ave. Ste. 307
New Braunfels, Texas 78130

**TABLE OF CONTENTS**

                                                                                      **Page**

IDENTITY OF PARTIES.................................................................................... ii

TABLE OF CONTENTS.................................................................................... iii

INDEX OF AUTHORITIES............................................................................... iv

STATEMENT OF THE CASE............................................................................ viii

STATEMENT OF JURISDICTION................................................................... viii

ISSUES PRESENTED....................................................................................... ix

STATEMENT OF FACTS.................................................................................. 1

ARGUMENT...................................................................................................... 4

    A.  MANDAMUS RELIEF IS PROPER................................................. 4

    B.  TRIAL COURT HAS ABUSED ITS DISCRETION........................ 5

    C.  DENIAL OF DUE PROCESS BY TRIAL COURT.......................... 6

    D.  COMPELLING THE TRIAL COURT TO ENTER A SPECIFIC RULING.................... 7

REQUEST FOR RELIEF.................................................................................... 12

VERIFICATION................................................................................................. 13

CERTIFICATE OF SERVICE............................................................................ 14

APPENDICES ................................................................................................... 15

(Appendix is separate, incorporated herein in its entirety for all purposes, and is being used as an Appendix for this Petition for Writ of Mandamus and Petition for Writ of Hebeas Corpus)

# <u>INDEX OF AUTHORITIES</u>

## Biblical

Luke 6:48-49.................................................................................................... 8

## Legal Maxims & Doctrines

Doctrine of Acquiescence.................................................................................. 3

Doctrine of Stare Decisis............................................................................... 3, 5

Silence shows consent................................................................................. 3, 5, 7

Qui non negat fatetur.................................................................................. 3, 5, 7

Debile fundamentum, fallit opus......................................................................... 8

Sublato fundamento cadit opus.......................................................................... 8

## Federal Statutes At Large

Public Law 97-280,
    96 STAT. 1211, 97th Congress...................................................................... 11

## Federal Cases

Conley v. Gibson,
    355 U.S. 41 at 48 (1957)......................................................................... 10, 11

Davis v. Wechler,
    263 U.S. 22, 24....................................................................................... 10

Donnelly v. Dechristoforo,
    416 U.S. 637 (1974).................................................................................. 3

Gonzales v. Buist,
    224 U.S. 126 (2012).................................................................................. 3

Haines v Kerner,
    404 U.S. 519 (1972)................................................................................ 11

Holt v. United States,
    218 U.S. 246 (2010).................................................................................. 3

Jacobsen v. Filler,
791 F.2d 1362 (9th Cir.1986)............................................................................. 10

Jenkins v. McKeithen,
395 U.S. 411, 421 (1959)................................................................................. 10

Maty v. Grasselli Chemical Co.,
303 U.S. 197 (1938)......................................................................................... 11

NAACP v. Alabama,
375 U.S. 449.................................................................................................... 10

Picking v. Pennsylvania Railway,
151 F.2d. 240, Third Circuit Court of Appeals............................................. 10, 11

Plaskey v. CIA,
953 F.2nd 25................................................................................................... 11

Puckett v. Cox,
456 F. 2d 233 (1972) (6th Cir. USCA)............................................................ 11

Stromberb v. California,
283 U.S. 359.................................................................................................... 10

Telephone Cases,
126 U.S. 1 (1988)............................................................................................... 3

United States v. Lovasco,
431 U.S. 783 (1977)........................................................................................... 3

## Federal Rules

Federal Rules of Civil Procedure,
Rule 12(a) (1) (B)............................................................................................... 6

## State Cases

#WR-20,423-05............................................................................................... viii

37 Tex.Jur.2d,
Mandamus, Sec. 48............................................................................................. 7

Barnes v. State,

v

832 S.W.2d 157 (Tex 1979)...................................................................... 4, 5, 6, 9

Carnes v. Cunningham,
    350 S.W.2d 59 (Tex. Civ. App. 1961)................................................................ 7

Deleon v. District Clerk,
    187 SW 3d. 473  (Tex: Crim. App. 2006).......................................................... 4

DeLeon v Periman,
    530 S.W.2d 174 (1975)................................................................... 2, 3, 5, 7

Deyo v. Detroit Creamery Co.,
    241 N.W. 2d. 244 (1932)............................................................................ 3

Frunzar v. Allied Property and Casualty Ins. Co.,
    548 N.W. 2 d 880 (1996)............................................................................ 3

Hidalgo County Water Improvement District No.2 v. Blalock,
    301 S.W.2d 593 (1957)........................................................................... 3, 5

In re Shredder Co., L.L.C.,
    225 S.W.3d 676 (Tex.App. El Paso 2006, orig. proceeding)............................................ 5

Padieu v. COURT OF APPEALS OF TX.,
    392 S.W.3d 115 (Tex: Crim. App. 2013)........................................................... 4

Porter v. Porter,
    274 N.W. 2D 235 (1979)........................................................................... 3

Safety-Kleen Corp. v. Garcia,
    945 S.W.2d. 268 (Tex: Court of Appeals 1997)...................................................... 4

Simon v. Levario,
    302 S.W.3d. 318 (Tex: Crim. App. 2009)......................................................... 5, 9

State Ex rel. Curry v. Gray,
    726 S.W.2d. 125 (Tex: Crim. App. 1987)........................................................... 5

State ex rel. Rosenthal v . Poe,
    98 S.W.3d. 194 (Tex: Crim. App. 2003)............................................................. 9

State ex rel. Vance v. Routt,
    571 S.W.2d 903 (Tex. Crim. App. 1978)............................................................ 7

Thomason v. Seale,
  53 S.W.2d 764, 122 Tex. 160 (1932)..................................................................... 7

Trinsey v. Pagliaro,
  229 F. Supp. 647 (1964)............................................................................................ 3

White v. Reiter,
  640 S.W.2d. 586 (Tex.Crim. App. 1982)................................................................. 5

Winters v. Presiding Judge,
  118 SW 3d 773 (Tex: Crim. App. 2003)................................................................... 4

**State Rules**

Tex. Code Crim. Proc.,
  Art. 4.04…........................................................................................................... viii

Tex. Code Crim. Proc.,
  Art. 11.05................................................................................................................ ix

Tex. Code Crim. Proc.,
  Art. 14.06................................................................................................................. 8

**Law Reviews & Encyclopedias**

Bacharach & Entzeroth, Judicial Advocacy in Pro Se Litigation: A Return to Neutrality,
  42 Ind. L. Rev. 19 (2009)....................................................................................... 10

Corpus Juris Secundum,
  2d Vol. 7 section 25................................................................................................ 11

Correll, Finding the Limits of Equitable Liberality: Reconsidering the Liberal Construction of Pro Se Appellate Briefs,
  35 Vt. L. Rev. 863 (2011)...................................................................................... 10

Healey, In Search of the Delicate Balance: Legal and Ethical Questions in Assisting the Pro Se Patron,
  90 Law Libr. J. 129 (1998)..................................................................................... 10

Swank, In Defense of Rules and Roles: The Need to Curb Extreme Forms of Pro Se Assistance and Accommodation in Litigation,
  54 Am. U.L. Rev. 1537 (2005)............................................................................... 10

## STATEMENT OF THE CASE

*Underlying Proceeding*:

A criminal action brought against Relator by IDA PANIAGUA for the alleged offense "INTENTIONALLY REFUSE TO GIVE HIS NAME, DATE OF BIRTH AND ADDRESS TO JAMES BELL."

*Respondent*:

Charles A. Stephens II, of the Comal County Court At Law 2, of COMAL COUNTY, TEXAS.

*Respondent Inaction/Omission to Act For Which Relator Seeks Relief*:

Respondent's refusal to rule upon Relator's Affidavit of Countercomplaint with Motion to Dismiss therein, and Respondent's refusal to Rule upon either Affidavit of Countercomplaint with Motion to Dismiss therein or Relators's Demand for Dismissal.

*Prior Petitions*:

This is an Original Proceeding.

## STATEMENT OF JURISDICTION

This court, pursuant to the Tex. Code Crim. Proc., Art. 4.04, has jurisdiction to consider and grant this Petition and issue a Writ of Mandamus as the underlying cause is a criminal matter.

This court previously opined in #WR-20,423-05 holding "that when a court of appeals and this court have concurrent, original jurisdiction of a petition for a writ of mandamus against the judge of a district or county court, the petition should be presented first to the court of appeals unless there is a compelling reason not to do so."

Under the circumstances, there is a compelling reason Relator submits this Petition for Writ of Mandamus against a judge of a county court to this court. That compelling reason is that Relator has also petitioned this court for a Writ of Habeas Corpus (**Apx. Tab A**), attached hereto and incorporated herein it its entirety for all purposes, in relation to the underlying cause and

Reltor is requesting Emergency Relief due to immediate threat of unlawful arrest under a void Capias.

The court of appeals, pursuant to the Tex. Code Crim. Proc., Art. 11.05, the is without power and jurisdiction to consider and grant petitions for Writs of Habeas Corpus. In order to expedite and consolidate the process of being relieved of the immediate threat of an unlawful arrest and compelling the the judge of the Comal County Court At Law 2 to perform, Relator submits both his Petitions for Writs Habeas Corpus and Mandamus to this court.

## ISSUES PRESENTED

1.    Is mandamus relief proper? (Yes)

2.    Has the trial court abused its discretion by refusing to rule? (Yes)

3.    Has the trial court denied Relator Due Process by refusing to perform its legal duty Relator has requested performance of? (Yes)

## STATEMENT OF FACTS

On September 4, 2014, Relator was unlawfully arrested, unlawfully searched and had his property seized unlawfully by officers of/for the NEW BRAUNFELS POLICE DEPARTMENT (NBPD).

On September 12, 2014, Reltor was coerced into signing and "PR BOND" (**Apx. Tab B**) displaying an incorrect address for Relator. Relator was coerced in that the jailer whom presented the "PR BOND" threatened to leave Relator in jail for another two weeks if he refused to sign. Relator signed the "PR BOND" in order to expedite his release from his unlawful imprisonment, as Relator could inform the trial court that the address displayed on the "PR BOND" is incorrect and provide it with a correct one for purposes of service of notice or any other correspondences.

On September 29, 2014, via letter **(Apx. Tab C)**, Relator informed the trial court that it had an incorrect address for Relator on file and provided it with both Relator's current location and address to which notices of any hearings or any other correspondences should be sent to in order for him to receive them.

On March 3, 2015, Relator began checking the online records for the trial court record because he had received no correspondences or notices of hearings. On that same day, Relator discovered via online records that the trial court had failed or neglected to correct the incorrect address it had on file (**Apx. Tab D**), that a "COMPLAINT (OCA)" ("Complaints") (**Apx. Tab E**) and a "NOTICE RETURNED" (**Apx. Tab F**) had been filed into the trial court on December 15, 2014 and January 26, 2015, respectively, and than an "Arraignment" (see **Apx. Tab D**) had taken place circa February 3, 2015. Relator further discovered than an "AFFIDAVIT/FAILURE TO APPEAR", (**Apx. Tab G**) an "ORDER FOR ARREST-FAILURE TO APPEAR" (**Apx. Tab H**) and a "CAPIAS-FAILURE TO APPEAR" (**Apx. Tab I**) had also been filed into the trial court's

on February 20, 2015, February 26, 2015, and March 2, 2015, respectively.

After learning of the aforementioned filings and events, Relator drafted the following: an Affidavit for Countercomplaint (**Apx. Tab J**); an Affidavit of Countercomplaint (Countercomplaint) (**Apx. Tab K**), a Table of Authorities: Police Reports are Hearsay (**Apx. Tab L**), and a Table of Authorities: Law of Voids in Texas (**Apx. Tab M**). In Relator's Countercomplaint (see **Apx. Tab K**), he, inter alia, challenged the jurisdiction (see **Apx. Tab K** Sections IV. – VIII., pg5 -76) of the trial court and Moved not only for Dismissal (see **Apx. Tab K** pg.6, #11.; pg.49, #116.; pg.56, #134.; pg.57, #139.; pg.60, #143(f).; pg.69, #156.; pg.70, # 61.; pg.72 – 73, #167.; & pg.84, #192.), but also to immediately expunge (see **Apx. Tab K** pg.84, #192.) the criminal record created as a result of his unlawful arrest.

On March 25, 2015, via certified mail, return receipt, Relator filed his Affidavits and Tables of Authorities with and into the trial court by and through the Clerk of the Court as evidenced by signed return receipt (**Apx. Tab N**). Also on March 25, 2015, via certified mail, return receipt, Relator served his Affidavits and Tables on all involved and interested parties, including the prosecutor, ABIGAIL WHITAKER (Whitaker). Said documents were received by the Individuals served, evidenced by signed return receipts (**Apx. Tabs O**, **P**, **& Q**). On April 14, 2015, Reltor filed into the trial court copies of all signed return receipts, providing proof of service (see **Apx. Tab D**).

On May 15, 2015, Relator via his Demand for Dismissal (**Apx. Tab R**), filed with and into the trial court by and through the Clerk therefor, demanded that the trial court perform its duty and Dismiss the allegation, charge and cause against him as his Affidavit with Motion to Dismiss and Expunge therein, remained unanswered, unrebutted, unrefutted and unchallegened thus constituting the only true facts before the court, see **Apx. Tab A**— *DeLeon v Periman*, 530

S.W.2d 174 (Tex.App.-Amarillo (1975)); quoting *Hidalgo County Water Improvement District No.2 v. Blalock*, 157 Tex. 206, 301 S.W.2d 593, 596 (1957); see also **Apx. Tab K** pg.37 − 38, #85.— *Trinsey v. Pagliaro*, D.C. Pa. 1964, 229 F. Supp. 647.; *United States v. Lovasco*, (06/09/77) 431 U.S. 783, 97 S. Ct. 2044, 52 L. Ed. 2D 752.; *Gonzales v. Buist*, (04/01/12) 224 U.S. 126, 56 L. Ed. 693, 32 S. Ct. 463.; *Holt v. United States*, (10/31/10) 218 U.S. 246, 54 L. Ed. 1021, 31 S. Ct. 2.; *Donnelly v. Dechristoforo*, 1974. SCT.41709, 56 ;416 U.S. 637 (1974).; Telephone Cases: *Dolbear v. American Bell Telephone Company; Molecular Telephone Company v. American Bell Telephone Company; American Bell Telephone Company v. Molecular Telephone Company; Clay Commerical Telephone Company v. American Bell Telephone Company; People's Telephone Company v. American Bell Telephone Company; Overland Telephone Company v. American Bell Telephone Company*, (Part two of three) (03/19/88) 126 U.S. 1, 31 L. Ed. 863, 8 S. Ct. 778.; *Frunzar v. Allied Property and Casualty Ins. Co.*, (Iowa 1996) 548 N.W. 2 d 880.; *Porter v. Porter*, (N.D. 1979) 274 N.W. 2D 235.; *Deyo v. Detroit Creamery Co.*, (Mich 1932) 241 N.W. 2d. 244.

To date, Relator's Affidavits and Tables are are unchallenged— Under the Doctrines of Acquiescence (see **Apx. Tab A.**, Sec. I.) as well as the Maxim in Law which states that "*silence shows consent*" 6 Barb. [N.Y.] 2B, 35. "He who does not deny, admits." (*Qui non negat fatetur.* − Black's Law Dictionary Revised 4th Edition page 1414) (Trayner, Maxim 503), Relator's adversaries' silence constitutes their agreement. Further, Stare Decisis, "[U]nchallenged averments are accepted as true. The averments, [] accepted as true, reflect there is no legal excuse for [Respondent's] refusal to act[] to entertain [Relator's Motion to Dismiss] and to either deny it [] or grant it." *DeLeon v. Periman*, 530 S.W.2d. 174 (Tex.App. − Amarillo (1975)); *Hidalgo County Water Improvement District No.2 v. Blalock*, 157 Tex. 206, 301 S.W.2d. 593,

596 (1957). To date, the trial court has refused to rule.

## ARGUMENT

## A.  MANDAMUS IS PROPER

Mandamus relief is proper as Relator has no adequate remedy at law and the action he seeks to compel is ministerial. "[T]he two-prong test for mandamus relief requires that [] relator show he has no adequate remedy at law and that the action he seeks to compel is ministerial" *Padieu v. COURT OF APPEALS OF TX.*, 392 S.W.3d 115 – Tex. Court of Criminal Appeals 2013.

Relator meets the first-prong required for mandamus relief, in that he cannot appeal a ruling that which does not exist. "The inability to appeal leaves relator with no adequate remedy at law." Winters, 118 S.W.3d at 775. Therefore, Relator has met the second requirement for mandamus relief. All requirements for mandamus relief have been fulfilled." *Deleon v. District Clerk*, 187 SW 3d 473 - Tex: Court of Criminal Appeals 2006. Mandamus is the only mode available to Relator so as to compel Respondent to rule on Relator's Motion to Dismiss or Demand for Dismissal, thereby creating an appeal opportunity.

Relator meets the second-prong required for mandamus relief, in that the action Relator seeks to compel is ministerial, i.e., to rule upon Relator's Motion to Dismiss or Demand for Dismissal. "When a motion is properly filed and pending before a trial court, the act of giving consideration to and ruling upon that motion is a ministerial act, and mandamus may issue to compel the judge to act." *Safety-Kleen Corp. v. Garcia*, 945 S.W.2d. 268 – Tex: Court of Appeals, 4th Dist. 1997; quoting *O'Donniley v. Golden*, 860 S.E.2d 267, 269-70 (Tex.App. – Tyler 1993, Orig. Proceeding); *Barnes v. State*, 832 S.W.2d 157 (Tex 1979); "[A] trial court has a ministerial duty to rule upon a motion that is properly and timely presented to it for ruling[.]"

*Simon v. Levario*, 302 S.W.3d. 318 – Tex: Court of Criminal Appeals 2009; "[C]onsideration of a motion properly filed and before the court is ministerial." *State Ex rel. Curry v. Gray*, 726 S.W.2d. 125 – Tex: Court of Criminal Appeals 1987, quoting *White v. Reiter*, 640 S.W.2d. 586 (Tex.Crim. App. 1982). "This rule does not intrude upon the trial court's discretion, because a trial court has no discretion to refuse to act." *Barnes v. State*, 832 S.W.2d 157 (Tex 1979)

Relator's Motion to Dismiss within his Countercomplaint was properly filed with and has been pending before the trial court since March 25, 2015. Relator's motion remains unrebutted, unrefutted and unchallenged thus his sworn averments therein are accepted as true, and have been agreed with by his adversaries— "silence shows consent" 6 Barb. [N.Y.] 2B, 35, *Qui non negat fatetur.* Stare Decisis*,* "[U]nchallenged averments are accepted as true. The averments, [] accepted as true, reflect there is no legal excuse for [Respondent's] refusal to act[] to entertain [Relator's Motion to Dismiss] and to either deny it [] or grant it." *DeLeon v. Periman*, 530 S.W.2d. 174 (Tex.App. – Amarillo (1975)); *Hidalgo County Water Improvement District No.2 v. Blalock*, 157 Tex. 206, 301 S.W.2d. 593, 596 (1957).

## B. TRAIL HAS ABUSED ITS DISCRETION

"To establish that the trial court abused it discretion by failing to rule, the relator must show that the trial court: (1) had a legal duty to perform a nondiscretionary; (2) was asked to perform that act; and (3) failed or refused to do so." *In re Shredder Co., L.L.C.*, 225 S.W.3d 676m 679 (Tex.App. – El Paso 2006, orig. proceeding)

The trial court has abused its discretion by failing to rule. Whereas, the trial court has a legal duty to perform a nondiscretionary, i.e., a ministerial duty to rule upon Relator's motion as has been demonstrated herein, Simon v. Levario supra, as it was properly and timely presented to the trial court for ruling and, further, the trial court has no discretion to refuse to rule upon

Relator's Motion to Dismiss, Barnes v. State, supra. Whereas Relator has demanded that the trial court perform its duty to rule via his Demand for Dismissal and it has refused to perform and to date, the trial court has refused to rule. Therefore, the aforementioned considered, the trial court has abused its discretion by failing to rule.

## C. DENIAL OF DUE PROCESS BY TRIAL COURT

The trial court has denied Relator Due Process by refusing to perform its legal duty which Relator has requested performance of.

"A refusal to rule within a reasonable time would frustrate the process and, moreover, would constitute a denial of due course of the law." *Barnes v. State*, 832 S.W.2d 424 (Tex.App. – Houston (1992). Relator has demonstrated herein above, that the trial court has refused to rule upon his Motion to Dismiss or Demand for Dismissal. The "reasonable time" requirement is not specifically defined, however, in order to determine a "reasonable time" frame in which a ruling should be made "[A]ll the circumstances are taken into account." (*Id*.) The circumstances to be taken into account are the length of time Relator's Motion to Dismiss has been pending before the trial court and Relator's adversaries' Response or lack therof, to his Motion.

Realtor's Motion to Dismiss and Demand for Dismissal have been properly filed and have been pending before the trial court since March 25, 2015 and May15, 2015, respectively, both of which remain unchallenged. The aforementioned considered, the trial court has had a "reasonable time" to rule so that Relator can either accept or challenge the ruling.

Further, F.R.C.P. Rule 12 (a) (1) (B) provides that "A party must serve an answer to a counterclaim or crossclaim within 21 days after being served with the pleading that states the counterclaim or crossclaim. Relator's adversaries have had more than twenty-one (21) days to serve an answer to Relator's Countercomplaint with Motion to Dismiss, therein. Relator's

adversaries are in Default.

Even further, Realtor's unchallenged averments have been accepted and agreed to by his adversaries (6 Barb. [N.Y.] 2B, 35; *Qui non negat fatetur.* supra) as true, see DeLeon v. Periman, supra. Considering the fact that Relator's Motion to Dismiss and Demand for Dismissal are unchallenged and the "Complaints" are made by Individuals with no personal knowledge thus disqualified as competent witnesses pursuant to federal and state rules of evidence, Relator's Countercomplaint with Motion to Dismiss and his averments therein, as well as his Demand for Dismissal constitute the only facts before the trial court for it to rule upon.

### D. COMPELLING THE TRIAL COURT TO ENTER A SPECIFIC RULING

In general, it is not proper for mandamus to issue to compel a discretionary act of trial court, that is to say, that mandamus will not issue to compel the trial court to enter a specified type of judgment. "There is, however, an exception to [the] general rule. A court [] may be directed by mandamus to enter a particular judgment if that judgment is the only proper one that can be rendered in the circumstances and there is no other adequate remedy." 37 Tex.Jur.2d, Mandamus, Sec. 48; *Thomason v. Seale*, 122 Tex. 160, 53 S.W.2d 764; *Carnes v. Cunningham*, Tex. Civ. App., 350 S.W.2d 59." <u>State ex rel. Vance v. Routt</u>, 571 S.W.2d 903, Tex. Court of Criminal Appeals (1978) "For the petitioner to prevail in this application for writ of mandamus he must demonstrate both that there was only one proper judgment that could be entered and that the entry of the judgment based upon the facts found by the court was in essence a mere ministerial act" (*Id.*)

The only one proper judgment that could be entered, is a dismissal of the criminal allegation and cause against Relator. Relator has been subjected to continuous abject denial of due process by the officers of/for the NBPD, the magistrate, the Clerk of, and,or the

Administrator for, the trial court and Respondent.

The officers of/for the NBPD denied Relator Due Process by failing or intentionally disregarding their duty under Tex. C. Crim. Proc. Art. 14.06 (see **Apx. K** pg.7 – 18, #14. - 31. & pg.29 – 34; #65. - 76.). Further, the officers denied Relator Due Process under, and violated his Civil Rights protected by, the Fourth Amendment to federal constitution (Id.). Relator was arrested, searched and his property seized in absence of a Fourth Amendment warrant or any warrant. Furthermore, the actions and omissions of the officers not only constitute a denial of Due Process to Relator and violations of his Civil Rights, but also Misconduct. The acts, omissions, misconduct, denial of Due Process and violations of Realtor's Civil Rights taint, and place a cloud upon, the trial court proceedings (see **Apx. Tab K** pg.7 – 18, #14. – 31.) because said acts, omissions, denial and violation create the foundation for which said proceeding are based upon: "When the foundation fails, all fails."; *Debile fundamentum, fallit opus*. "Where there is a weak foundation, the work falls." 2 Bouv. Inst. n. 2068; *Sublato fundamento cadit opus*. "Remove the foundation, the structure or work fall."; "Remove the foundation, the structure or work fall." Luke 6:48-49

The magistrate, Elen Salyers, subjected Relator to a denial of Due Process by, iner alia, conducting court proceeding in secret and denying Relator an Examining Trial required by law. (see **Apx. Tab K** pg.18 - 34, # 32. - 76.) The Clerk or deputy therefor, and,or Administrator for, the trial court by failing or intentionally disregarding a duty to correct the incorrect address on file with the trial court for Relator when he notified the court of the incorrect address and provided it with the correct one, failed to provide notice to Relator thus denying him Due Process. Respondent, by refusing to rule upon Relator's Motion to Dismiss or Demand for Dismissal has denied Relator Due Process. The officers, magistrate, Clerk or deputy theefor,

and,or Administrator for the trial court and Respondent have each of them in their own part acted or omitted to act dening Relator Due Process, continuously. At all stages, Relator has been denied Due Process and been subjected to Misconduct, denial of rights both statutory and Civil, and suffered abuses breeding an overall distrust in Relator for the justice and judicial systems.

Such denials of due process and violations of Civil Rights, inter alia, has stripped the trial court of subject-matter jurisdiction (see **Apx. Tab K** pg.31 - 34., #70. - 76.) and in absence thereof, the court is without power to entertain the criminal allegation or cause against Relator. Furthermore, the trial has been jurisdictionally challenged and jurisdiction has not been proven by Relator's adversaries (see **Apx. Tab K** pg.5 - 76, #9. - 171.). In addition to the trial court's lack of subject-matter jurisdiction, it further lacks personal, political and civil contractual jurisdiction (Id.) and therefore, power over Relator criminal cause, thereagainst. Compelling the trial court to enter a ruling dismissing the criminal allegation, charge and cause against Relator by mandamus is the only remedy at law available to him, Respondent refuses to rule at all.

The entry of the judgment based upon the facts before the court is in essence a mere ministerial act as it requires no discretion from Respondent, and Respondent has no discretion to refuse to act, Barnes v. State supra, and rule upon Relator's unchallenged Motion to Dismiss or Demand for Dismissal. Relator's adversaries have remained silent, thereby agreeing to Relator's sworn averaments within his Motion to Dismiss and Demand for Dismissal, accepting same as true, thereby constituting the only certain and settled, resolved facts before the trial court, Simon v. Levario supra, requiring no discretion. Further, in absence of jurisdiction there is no room for discretion, _State ex rel. Rosenthal v . Poe_, 98 S.W.3d. 194 – Tex: Court of Criminal Appeals (2003). Furthermore,"it is not for the trial court to inject itself into the adversary process on behalf of one class of litigant. Doing so necessarily implicates the court's impartiality and

discriminates against opposing parties.”; *Jacobsen v. Filler*, 790 F.2d 1362, 1365 & n.7 (9th Cir.1986); *Bacharach & Entzeroth, Judicial Advocacy in Pro Se Litigation: A Return to Neutrality*, 42 Ind. L. Rev. 19 (2009); *Correll, Finding the Limits of Equitable Liberality: Reconsidering the Liberal Construction of Pro Se Appellate Briefs*, 35 Vt. L. Rev. 863 (2011); *Healey, In Search of the Delicate Balance: Legal and Ethical Questions in Assisting the Pro Se Patron*, 90 Law Libr. J. 129 (1998); *Swank, In Defense of Rules and Roles: The Need to Curb Extreme Forms of Pro Se Assistance and Accommodation in Litigation*, 54 Am. U.L. Rev. 1537 (2005). For the trial court to inject itself in an adversarial position to either Relator or his adversaries, goes against the basic concept of the American Adversarial system— the trial court is not and should not be Relator's adversary. Respondent is to be and remain a neutral referee. Considering Relator's adversaries have offered no contest, there is in fact, no contest and Respondent is left with but one decision and that is to rule on Relator's Motion to Dismiss or Demand for Dismissal in favor of Relator, thereby dismissing the criminal allegation, charge and cause against him.

## PLEADING SHALL BE CONSTRUED TO DO JUSTICE

"Following the simple guide of rule 8(f) that all pleadings shall be so construed as to do substantial justice"... "The federal rules reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits." The court also cited Rule 8(f) FRCP, which holds that all pleadings shall be construed to do substantial justice. *Conley v. Gibson*, 355 U.S. 41 at 48 (1957)

"The assertion of federal rights, when plainly and reasonably made, are not to be defeated under the name of local practice. *Davis v. Wechler*, 263 U.S. 22, 24; *Stromberb v. California*, 283 U.S. 359; *NAACP v. Alabama*, 375 U.S. 449

Pro se pleadings are to be considered without regard to technicality; pro se litigants' pleadings are not to be held to the same high standards of perfection as lawyers. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1959); *Picking v. Pennsylvania*

*R. Co.*, 151 Fed 2nd 240; *Pucket v. Cox*, 456 2nd 233

"Pleadings are intended to serve as a means of arriving at fair and just settlements of controversies between litigants. They should not raise barriers which prevent the achievement of that end. Proper pleading is important, but its importance consists in its effectiveness as a means to accomplish the end of a just judgment." *Maty v. Grasselli Chemical Co.*, 303 U.S. 197 (1938)

The plaintiff's civil rights pleading was 150 pages and described by a federal judge as "inept". Nevertheless, it was held "Where a plaintiff pleads pro se in a suit for protection of civil rights, the Court should endeavor to construe Plaintiff's Pleadings without regard to technicalities. *Picking v. Pennsylvania Railway*, 151 F.2d. 240, Third Circuit Court of Appeals

It was held that a pro se complaint requires a less stringent reading than one drafted by a lawyer per Justice Black in *Conley v. Gibson* (see case listed above, Pro Se Rights Section). *Puckett v. Cox*, 456 F. 2d 233 (1972) (6th Cir. USCA)

"... allegations such as those asserted by petitioner, however inartfully pleaded, are sufficient to call for the opportunity to offer supporting evidence. We cannot say with assurance that under the allegations of the pro se complaint, which we hold to less stringent standards than formal pleadings drafted by lawyers... ". *Haines v Kerner*, 404 U.S. 519 – 521, (1972)

"Court errs if court dismisses pro se litigant without instructions of how pleadings are deficient and how to repair pleadings." *Plaskey v. CIA*, 953 F.2nd 25

Nowhere can be found a competent attorney that is able to execute the proper remedy without embarrassing the Court, *Corpus Juris Secundum* 2d Vol. 7 section 25.

Congress Declares Bible "The Word Of God"
Oct. 4, 1982, Public Law 97-280, 96 STAT. 1211, 97th Congress

## **REQUEST FOR RELIEF**

For the reasons set forth herein, Relator, Jason Chidlress, requests that this Court grant his Petition for Writ of Mandamus and compel Respondent, Charles A. Stephens, to perform and enter a ruling upon Relator's Motion to Dismiss or Demand for Dismissal. Further, Relator requests that this Court to direct Respondent to grant Relator's Motion to Dismiss or Demand for Dismissal, thereby dismissing the criminal allegation, charge and cause against Relator.

Respectfully submitted,

/s/: Jason Childress
Jason Childress
9141 Gristmill Ct.
Fort Worth, Texas
jchildress1980@gmail.com

**<u>VERIFICATION</u>**

Executed without the United States:

      Pursuant to 28 U.S. Code § 1746 (a): I, Jason Truman Childress, Relator herein, **<u>in lieu of Notarization of this document due to an inability to pay therefor</u>**, do declare, certify, verify and state under penalty of perjury under the laws of the United States of America that I am a living man, of lawful age and competent to testify to the facts stated herein, and that the facts and statements made herein by me are true and correct.

                                      /s/: Jason Childress_____


Executed on this \_\_3rd\_\_ day of \_\_August\_\_, 2015.

**CERTIFICAT E OF SERVICE**

     I, Jason Childress, Relator herein, hereby certify that a true and correct copy of this Petition for Writ of Mandamus is being sent via email on this on this ___3rd___ day of ___August___, 2015 to the following:


     Charles A. Stephens
     Comal County Court at Law 2
     150 N. Seguin, Ste. 301
     New Braunfels, Texas 78130

     Abigail Whitaker
     Comal County District Attorney's Office
     Comal County Courthouse Annex
     150 N. Seguin Ave. Ste. 307
     New Braunfels, Texas 78130


                            /s/: Jason Childress_____
                                  9141 Gristmill Ct.
                                  Fort Worth, Texas


Submitting on this ___3rd___ day of ___August___, 2015.

**In Re Jason Childress,**

**Relator**

---

**APPENDIX TO AND FOR RELATOR'S PETITIONS
FOR WRIT OF HABEAS CORPUS AND WRIT OF MANDAMUS**

---

**List of Documents**

1.  Petition for Writ of Hebeas Corpus...................................................................... Tab A
2.  "PR BOND"......................................................................................................... Tab B
3.  Relator's Letter to Trial Court........................................................................... Tab C
4.  Trial Court Online Record Screenshot............................................................... Tab D
5.  "COMPLAINT (OCA)"...................................................................................... Tab E
6.  RETURNED NOTICE........................................................................................ Tab F
7.  "AFFIDAVIT/FAILURE TO APPEAR"............................................................. Tab G
8.  "ORDER FOR ARREST-FAILURE TO APPEAR"........................................... Tab H
9.  "CAPIAS-FAILURE TO APPEAR"................................................................... Tab I
10. Affidavit for Countercomplaint......................................................................... Tab J
11. AFFIDAVIT OF COUNTERCOMPLAINT....................................................... Tab K
12. TABLE OF AUTHORITIES: POLICE REPORTS ARE HEARSAY................. Tab L
13. TABLE OF AUTHORITIES: LAW OF VOIDS IN TEXAS.............................. Tab M
14. Return Receipt: BOBBIE KOEPP...................................................................... Tab N
15. Return Receipt: Kevin M. Schoch..................................................................... Tab O
16. Return Receipt: TOM WIBERT.......................................................................... Tab P
17. Return Receipt: ABIGAIL WHITAKER............................................................ Tab Q
18. DEMAND FOR DISMISSAL.............................................................................. Tab R